# JOHN MANN and Others v. EMPLOYERS LIABILITY ASSURANCE CORPORATION.[1]

November 7, 1913.

Nos. 18,205—(34).

**Estoppel and waiver.**

1. Plaintiffs in an action upon an employers' liability insurance policy held precluded by their conduct from asserting that defendant was estopped or had waived its right to defend on the ground that the loss was not covered by the terms of the policy.

**Directed verdict.**

2. Direction of verdict for defendant held proper.

Action in the district court for Ramsey county to recover $3,-114.15, under defendant's policy of insurance. Among other matters the answer alleged that it was agreed between these plaintiffs and defendant that defendant might appear, through its attorney, for plaintiffs and defend the action for them without prejudice to the rights of defendant to deny any and all liability upon its part to plaintiffs under said policy of insurance. The case was tried before Brill, J., who granted defendant's motion for a directed verdict. From an order denying plaintiffs' motion for a new trial, they appealed. Affirmed.

*C. D. O'Brien, F. G. Ingersoll* and *M. J. Doherty,* for appellants. *Butler & Mitchell,* for respondent.

PHILIP E. BROWN, J.

Action on an employers' liability insurance policy issued by defendant to plaintiffs as copartners, to recover the amount of a judgment rendered against them for the death of an employee.

Plaintiffs gave defendant immediate notice of the accident, and thereupon defendant investigated and became conversant with all the facts. Thereafter, on November 2, 1910, the action was commenced,

1 Reported in 143 N. W. 794.
123 M.—20.

which resulted in judgment against plaintiffs and, they having immediately transmitted the summons and complaint to defendant company, its attorney took charge of the case, interposed an answer, and subsequently conducted the defense on the trial, which terminated in a verdict for plaintiffs therein. An appeal to this court, with defendant's attorney as counsel, followed and resulted in a reversal, defendant paying the costs, and upon retrial in the district court, the same attorney acting as before, plaintiff therein prevailed and these plaintiffs were compelled to pay the judgment. About a year after the bringing of the action plaintiffs dissolved partnership, but plaintiff Mann continued to represent them in the matter of the litigation. Defendant claimed that 41 days after the action was commenced, and more than six weeks before the first trial, it notified plaintiffs that their policy did not cover certain specifically excepted risks, and if judgment was awarded against them, upon a liability within the exceptions mentioned, it would not be responsible therefor, and advised them that such notice was given so they could be in a position to thoroughly protect their interests. Defendant further claimed that plaintiffs then consented to its conducting the litigation with the understanding that, if damages were awarded upon facts bringing the accident within the exceptions of the policy, defendant company would not be liable to reimburse them, and all subsequent acts of defendant in connection with the litigation were pursuant thereto. The recovery against plaintiffs proved to be within the exceptions, and the court, holding defendant's claims established, directed a verdict in its favor. Plaintiffs appealed from an order denying a new trial.

1. We must start with the proposition that there was no express contractual liability on defendant's part to pay plaintiffs any sum under the policy because of the judgment obtained against them. Consequently the burden rested on plaintiffs to establish a state of facts from which a liability might be implied by law. There are numerous cases holding that where an insurance company takes up the defense of an action, knowing the facts bring it within a risk exception, and, under the general agreements of the policy authorizing it to control litigation, conducts the case to the end, and nothing fur-

ther appears, it will be deemed precluded, by way of either estoppel or waiver, from taking a position inconsistent with the one previously assumed and denying liability. Empire State Surety Co. v. Pacific Nat. Lumber Co. 118 C. C. A. 410, 200 Fed. 224; Employers' Liability Ass. Corp. v. Chicago & B. M. Coal & C. Co. 73 C. C. A. 278, 141 Fed. 962; Boyle Mining Co. v. Fidelity & C. Co. 126 Mo. App. 104, 103 S. W. 1098. So also, under like circumstances, the company has been held estopped where it conducted the defense down to the trial and then withdrew, leaving assured no reasonable opportunity to prepare his own defense. Glens Falls P. C. Co. v. Traveler's Ins. Co. 162 N. J. 399, 56 N. E. 897. And our decisions are in line with the general holding. Tozer v. Ocean Accident G. Corp. 94 Minn. 478, 103 N. W. 509, 99 Minn. 290, 109 N. W. 410. If, however, the trial court's conclusion upon defendant's contentions is sustainable in point of fact, which we will consider later, the cases cited are clearly distinguishable from the present one; for plaintiffs' assent to the status assumed by defendant with regard to the litigation by the notice of nonliability referred to and thereafter, when measured by the same legal standard of responsibility for acts indicated by the grounds of the decisions cited and which they seek to apply as against defendant, would equally estop them from doing the identical thing which they deny defendant's right to do, namely, repudiation of the effect of conduct. The doctrine of equitable estoppel prevents this, and in effect we have an estoppel against an alleged estoppel, which sets the matter at large. Tappan v. Huntington, 97 Minn. 31, 106 N. W. 98; 16 Cyc. 748. Plaintiffs are thus relegated to the provisions of the policy, which concededly give no right of recovery. Nor is this result affected by the dissolution of the partnership.

2. Does the evidence sustain the court's position upon the facts? We hold it does, for after an attentive consideration of the record we are satisfied that no other conclusion could fairly be reached. Plaintiffs' claims rest substantially upon the testimony of a single witness, whose recollection of the transactions involved was so vague and his accounts thereof so contradictory as to be of slight probative value except as corroborative of defendant's version. His claim that

he did not understand defendant's repudiation of liability has not been overlooked, but cannot be sustained in view of the fact that he was conversant with our language and experienced in business. Taken as a whole the evidence was insufficient to warrant a verdict for plaintiffs.

Order affirmed.