## WILLIAM P. ECKERT v. WILFORD L. JOICE AND ANOTHER.[1]

June 30, 1922.

No. 22,891.

**No contract of insurance by garnishee.**

The evidence disclosed that there was in the possession of the defendant casualty company a policy of indemnity insurance against auto accidents purporting to be issued to Joice but never in his possession. In a suit by the plaintiff against Joice, in which he recovered judgment for an injury, the company defended at its own expense on an understanding with Joice that it disclaimed liability. In a garnishment of the company by the plaintiff it is *held*, upon the evidence stated in the opinion, that there was no contract of insurance and that the trial court rightly directed a verdict for the company.

Action in the district court for Hennepin county to recover $2,044.77. The case was tried before Waite, J., who at the close of the testimony granted the motion of Georgia Casualty Company for a directed verdict. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Affirmed.

*Cray & Eaton* and *John F. Bernhagen,* for appellant.

*Ware & Melrin,* for respondents.

DIBELL, J.

The plaintiff appeals from the order denying his motion for a new trial after a verdict directed by the court in favor of the defendant.

[1]Reported in 189 N. W. 125.

The plaintiff sued Joice for an injury received on August 24, 1915, while a passenger in his auto jitney. He recovered judgment on December 9, 1916. He then garnished the Georgia Casualty Company. The company denied an indebtedness. The plaintiff, following well understood practice, filed a supplemental complaint against the company upon which issue was joined. Upon the trial the court directed a verdict for the company. The plaintiff claims that Joice had an indemnity policy issued by the casualty company, pursuant to which the company assumed control of the defense. He claims to bring his case within Patterson v. Adan, 119 Minn. 308, 138 N. W. 281, 48 L. R. A. (N. S.) 184, and Standard Printing Co. v. Fidelity & D. Co. of Md. 138 Minn. 304, 164 N. W. 1022, and to be entitled to recover the amount of his judgment against Joice. The court directed a verdict upon the ground that an insurance contract was not proved.

The plaintiff relied upon a policy running for a period of three months from July 30, 1915. Such a policy was offered in evidence and upon objection was rejected. We are unable to find sufficient evidence that the policy was in force or that there was a contract of insurance. The policy, executed in proper form, was in the possession of the company. It was not shown ever to have been in the possession of Joice. No actual negotiations for insurance were proved. Payment of premium was not shown. Delivery was not shown. An offer to prove was made referring to negotiations for the policy through a broker, but it stopped short of showing the existence of an insurance contract. It suggested a refusal by the company to put a policy in force until payment of premium. Apparently Joice had insurance expiring at the date of the policy of July 30.

We are not to be understood as holding that there must be a physical delivery of the policy or like possession by the insured. But the policy must be in force, or there must be in some form a contract of insurance. The casualty company defended at its own expense the plaintiff's action against Joice. It did so, upon evidence not disputed, under an understanding with Joice that it disclaimed liability.

The further contention of the company that it is not liable to the plaintiff, even if there was insurance, because it did not assume the

defense under the policy, but undertook to defend under an understanding with Joice that it claimed that it was not liable because there was no insurance, is immaterial in view of the conclusion reached. The case could be reviewed more easily and with no less accurate a result if the company had been less insistent in its unavailing efforts to exclude clearly competent evidence of material facts.

The verdict was rightly directed.

Order affirmed.