## VERA HUMPHREY v. ROMAN F. POLSKI.
## BELT AUTO INDEMNITY ASSOCIATION, GARNISHEE.[1]

November 21, 1924.

No. 24,069.

**Automobile insurer not estopped from denying its liability by defending assured.**

The garnishee disclosure of an automobile indemnity insurer does not show that by carrying on the defense for the assured it estopped itself or waived the right to assert nonliability under the policy, which provided that loss of the insured should not be covered if it occurred while, in running the automobile, he was under the influence of intoxicating liquor.

Action in the district court for Ramsey county. The facts are given in the opinion. From an order, Sanborn, J. denying her motion for judgment against the garnishee, plaintiff appealed. Affirmed.

*Joseph A. Poirier,* for appellant.

*Orr, Stark & Kidder,* for respondent.

HOLT, J.

Plaintiff appeals from an order denying her motion for judgment against the garnishee upon its disclosure.

It appears from the files that plaintiff recovered a verdict against defendant as damages for injuries received through defendant's negligent operation of an automobile. The disclosure reveals that the garnishee had issued its policy of insurance indemnifying defendant for loss growing out of the operation of the automobile, which policy contains this provision: "This contract does not cover loss resulting or arising from any of the following causes, or while said automobile is being used or maintained under the following conditions: * * * and it does not cover loss or damage or

[1]Reported in 200 N. W. 812.

legal liability sustained while   \*   \*   \*   said automobile was being operated or driven by any person otherwise covered by the contract, but who was under the influence of intoxicating liquor at the time such loss, damage or liability arose." It also appears that shortly after this suit was brought, and after the garnishee had taken charge of the defense, as obligated under the policy, a claim was made that defendant was under the influence of liquor when plaintiff received her injury, and thereupon the garnishee tendered the defense to defendant and advised him that the garnishee refused to proceed with the defense, unless he would agree that so doing should not be a waiver of the right to deny liability upon the policy, in case it appeared that he was in fact driving the automobile at the time in question while intoxicated; that defendant vigorously denied that he was intoxicated, and on that assurance the garnishee continued in the defense, but from admissions made by defendant under oath at the trial and from facts discovered after the trial the garnishee had ascertained that defendant was intoxicated when driving the automobile at the time plaintiff was injured and therefore denies all liability. It is perfectly clear that the policy does not cover loss sustained by the insured from the operation of the car, while he as driver is under the influence of intoxicants, and that, as to defendant, the garnishee by taking charge of the defense under the circumstances disclosed has not waived the right to assert and prove that he was intoxicated, hence not covered by the policy when he ran into plaintiff. In the disclosure the garnishee asserts that it has this defense and denies liability. The disclosure must be taken as true. Upon such a record judgment cannot be ordered against the garnishee. The case of Patterson v. Adan, 119 Minn. 308, 138 N. W. 281, 48 L. R. A. (N. S.) 184, has no application. There concededly the policy covered the loss. The only question was whether the insurer was required to pay the same after judgment had gone against the insured and before the latter had satisfied the same.

Nor can estoppel or waiver be invoked here for the insurer did not take up and conduct the defense knowing that defendant was driving while intoxicated; on the contrary, when it learned of the

claim, it went to defendant for information and his denial induced its continuance of the defense. The disclosure reveals a situation which was held a defense in Mann v. Employers Liability Assn. Corp. 123 Minn. 305, 143 N. W. 794, and brings the garnishee's conduct within this protecting principle stated thus in Tozer v. Ocean Acc. & Guar. Corp. 94 Minn. 478, 103 N. W. 509: "It might have taken charge of the litigation, and conducted it to a termination, for the benefit of respondent (here the defendant), provided he were given to understand that appellant (here the garnishee) did not consider itself bound by such conduct and liable under the terms of the policy." This was exactly what the disclosure of the garnishee reveals was done. A parallel case, supporting the contention of the garnishee that the disclosure does not entitle plaintiff to judgment—that no estoppel or waiver appears therefrom, is Mason-Henry Press v. Aetna Life Ins. Co. 211 N. Y. 489, 105 N. E. 826.

Miller v. Union Indemnity Co. 209 App. Div. 455, 204 N. Y. Supp. 730, is not in point, for there the insurer carried on the defense with full knowledge of the insured's breach of the policy.

The order is affirmed.