## CHARLTON v. VAN ETTEN et al.

District Court, D. Minnesota, Third Division. Feb. 9, 1932.

Thomas W. McMeekin and Reuther & Sullivan, all of St. Paul, Minn., for plaintiff.

K. A. Campbell, of Minneapolis, Minn., for defendant London Guarantee & Accident Co.

SANBORN, District Judge.

The defendant London Guarantee & Accident Co., Limited, demurs upon two grounds: (1) That the complaint does not state sufficient facts to constitute a cause of action against it; and (2) that there is a misjoinder of causes of action.

The plaintiff makes claim against the defendants Van Etten and Eureka Vacuum Cleaner Company for personal injuries and property damage growing out of an automobile collision alleged to be due to the negligence of Van Etten, who is asserted to have been, at the time, a servant of the Eureka Vacuum Cleaner Company. So far as the London Guarantee & Accident Company, Limited, is concerned, the only allegation in the complaint is this: "That the defendant, London Guarantee & Accident Company, Ltd., during all times herein mentioned was the insurer, pursuant to liability policy which provided that the said Guarantee Company would pay to all parties, including the plaintiff, the amount of any claim allowed by reason of injuries or damages sustained, for which the said defendant, Eureka Vacuum Cleaner Company should become liable."

The basis for joining the insurer is no doubt the language which is found in the case of Peterson v. Maloney (Maryland Casualty Co., Garnishee) 181 Minn. 437, 440, 232 N. W. 790, 791, which is as follows: "The insurance under the policy here, and under policies generally used in this state, is liability rather than indemnity insurance. Hence, under our practice, a plaintiff who seeks to recover damages caused by the operation of an insured car may join the insurance company as a defendant in the action, or, if not so joined, may, after obtaining judgment against the assured or against one covered by the provisions of the policy, proceed by garnishment against the insurer."

An examination of that case will show that this language is clearly obiter. My impression is that the Supreme Court of Minnesota will not hold, when the question is squarely presented, that an action in tort against the owner of an automobile may be joined with an action on contract against his insurer upon the ordinary liability policy covering personal injuries and property damage. As far as that court has yet gone is to hold that where the insurer assumed and conducted the defense of the action, without reserving any right to deny liability under the policy, it would be required to pay the judgment obtained against its insured. See Patterson v. Adan, 119 Minn. 308, 138 N. W. 281, 48 L. R. A. (N. S.) 184; Humphrey v. Polski, 161 Minn. 61, 200 N. W. 812; Oehme v. Johnson, 181 Minn. 138, 231 N. W. 817.

There is grave doubt as to whether it could be said that all of the parties defendant were affected by the causes of action attempted to be joined. If the plaintiff, as a third person for whose benefit the policy was written, may maintain a suit upon it, neither Van Etten nor the Eureka Vacuum Cleaner Company would be affected by that cause of action upon the policy.

With reference to the sufficiency of the facts stated to constitute a cause of action against the insurer, the allegation is that the policy provided that the insurer "would pay to all parties, including the plaintiff, the amount of any claim *allowed* by reason of injuries or damages sustained, for which the said defendant Eureka Vacuum Cleaner Company should become liable." There is no allegation that any claim has been allowed, and, under the language used, it would be a fair assumption that the terms of the policy

were not broad enough to subject the insurer to a suit of this kind in advance of a determination of the amount for which its insured was liable.

The demurrer is sustained.