## FLORENCE DOWNING v. STERLING MOTOR COMPANY AND OTHERS.
## BUILDERS AND MANUFACTURERS MUTUAL CASUALTY COMPANY, GARNISHEE.[1]

May 29, 1936.

No. 30,885.

*Dunn & Butchart,* for appellant.

*Warner E. Whipple* and *George W. Atmore, Jr.,* for respondent.

[1] Reported in 267 N. W. 250.

I. M. OLSEN, JUSTICE.

On November 5, 1933, plaintiff was injured in an automobile accident. She brought suit against the defendants Sterling Motor Company and Harry Hood to recover damages for some personal injuries suffered by her in the accident claimed to have been caused by negligence on the part of the defendants. Thereafter, on January 9, 1934, she secured, by default on the part of Harry Hood, a recovery of $380 for such injuries. Judgment was thereupon entered in plaintiff's favor and against Harry Hood for $388.30. Plaintiff then instituted garnishment proceedings against the Builders and Manufacturers Mutual Casualty Company as garnishee. The garnishee denied liability, and thereupon a supplemental complaint against it was presented and filed in the proceeding, to which the garnishee made answer denying any liability under the liability insurance policy. This policy was issued to the defendant Sterling Motor Company. The issues raised by this supplemental complaint and answer were tried before the district court and findings of fact and conclusions of law made to the effect that the plaintiff take nothing against said garnishee and that it recover its costs and disbursements. A motion for a new trial was made and denied, and judgment was entered that the plaintiff take nothing by the action against the garnishee and that the garnishee recover of the plaintiff $11.12 costs and disbursements taxed and allowed. From this judgment the plaintiff appealed. No appeal was taken from the order denying the motion for a new trial. There is no settled case.

The only question raised by the appeal is whether the findings of fact sustain the conclusions of law of the trial court. The trial court found that the Sterling Motor Company, at the time of the accident, carried liability insurance in the defendant Builders and Manufacturers Mutual Casualty Company and made the insurance policy a part of its findings of fact; that defendant Harry Hood, at the time of the accident, was an employe of the defendant Sterling Motor Company and was employed as an automobile salesman; that he used the automobile involved in the accident as a demonstrator automobile in connection with his employment, but further found

that at the time the accident happened defendant Hood was operating the automobile near St. Paul on a pleasure trip of his own and that it was not being operated on any mission connected with the Sterling Motor Company's business; that the use of the car on this occasion was not a use by defendant Sterling Motor Company; and that at the time of the accident the Sterling Motor Company did not own, maintain, operate, or use the automobile in question. It further found that on August 14, 1933, defendant Harry Hood purchased the automobile in question from the Sterling Motor Company under a conditional sales contract; that the motor company, on the same date, assigned this sales contract and the note given for the balance of the purchase price of the automobile to the Acme Finance Company; that at the time of the accident the Sterling Motor Company held no title to the car, either absolute or as security, and had no proprietary interest therein; that the motor company did not furnish oil, gas, or repairs for the car.

In the liability insurance policy, which is made part of the findings of the trial court, there are the following provisions as to what the policy covers:

"The personal liability of any employee of the Insured if such liability is caused by the operation of any automobile  *  *  * owned by or in charge of the Insured and covered by this Policy, excluding any automobile owned by any employee or by any member of his family;  *  *  *

"Any employee of the named Assured acting with the permission of the named Assured;

"With respect to the operation for business or pleasure of any automobile owned by or in charge of the named Assured (excluding, however, any automobile owned by any  *  *  * employee of Assured).

"Any person or firm legally responsible for the use of or while legally using for business or pleasure and with the permission of the named Assured (excluding any automobile sold by the Assured on the deferred payment plan)."

The findings are to the effect that at the time of the accident the automobile in question was owned and operated by the defendant

432

Hood on a pleasure trip having no connection with the business of the motor company or with his employment by that company, and that the policy provisions quoted exclude such employe from coverage and also exclude the automobile in question from coverage where such automobile was not owned or controlled by or being used in any way in the business or for the benefit of the Sterling Motor Company. The conclusion follows that the garnishee, Builders and Manufacturers Mutual Casualty Company, was not liable, and the findings of fact sustain the conclusions of law and the judgment.

The judgment appealed from is affirmed.