PERRY SIMONS v. BOYD L. COWAN AND ANOTHER. IOWA MUTUAL LIABILITY INSURANCE COMPANY OF CEDAR RAPIDS, IOWA, GARNISHEE.[1]

May 5, 1944.

No. 33,700.

[1]Reported in 14 N. W. (2d) 356.

318

*Streissguth & Gislason* and *William Stradtmann,* for appellant.
*Regan & Regan,* for respondent.

MAGNEY, JUSTICE.

Plaintiff recovered judgment against defendants for injuries growing out of an automobile accident. The judgment was not paid. Garnishment proceedings were instituted against the Iowa Mutual Liability Insurance Company, defendant Cowan's insurer. By an order of March 16, 1943, plaintiff succeeded in having the garnishee's answer to his supplemental complaint stricken and judgment ordered for him against the garnishee. The latter then moved to vacate and set aside the order of March 16, 1943, and for leave to serve and file a proposed amended answer which it annexed to its motion. Its motion was denied on August 25, 1943, and it appeals from that order. No appeal was taken from the order of March 16, 1943.

The following are certain facts as claimed by plaintiff. He, his brother Earl, the defendant Cowan, and the latter's brother Olen were copartners in the ownership and operation of a gas shovel and conveyor. Plaintiff and his brother Earl each owned his own truck. Defendant Cowan claimed sole ownership to the truck involved in the accident. The profit or loss growing out of the operation of the trucks had no connection with the partnership. Defendant Walters was an employe of the four-member partnership when he was engaged in the work of the partnership. If he drove a truck owned individually by a member of the partnership, he was paid by the owner for the time he drove it. However, for convenience, Walters was paid with partnership checks for all the

work he performed. The partnership later was reimbursed by the individual truck owner for payment so made. It was and is contended by the garnishee that Walters was an employe of the partnership only, and that the contract of insurance here involved did not cover such employes. The question was submitted to the jury in the main action. In a special verdict it found that at the time of the accident Walters was not an employe of the partnership.

Plaintiff was injured on July 17, 1941. It is not necessary to detail the facts of the accident. The jury determined that it was caused by the negligence of Walters and returned a verdict against him and Cowan. Judgment was entered on the verdict against Cowan only on April 7, 1942, and on November 27, 1943, it was, by order of court, amended so as to include Walters also as a judgment debtor.

On January 5, 1943, the court granted plaintiff's motion for leave to file a supplemental complaint against Cowan's insurer as garnishee. In its answer the garnishee set out that the insurance policy provided:

"The insured shall coöperate with the company and upon the company's request, shall attend hearings and trials ánd shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits * * *." Also, that "No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the conditions hereof, * * *."

It alleged that Walters is a relative of plaintiff, who is a copartner of Cowan. It further alleged that Cowan and Walters failed, refused, and neglected to coöperate with the garnishee in the conduct of the defense, but, on the contrary, wilfully and intentionally gave the garnishee false information in regard to matters involved in the action; that upon the trial, with the intention of assisting the plaintiff and defrauding the garnishee, defendants refused to testify to the true facts of the accident; that Cowan refused and failed to send to the garnishee within the 20-day period summonses and complaints, and other legal papers served upon him by the

plaintiff; that he refused to answer letters sent to him by the garnishee and its representatives; that he refused to assist representatives of the garnishee in preparation for trial; that Walters at first told the garnishee he was employed by the partnership and stated facts regarding the happening of the accident which absolved him from liability, but that later he repudiated such statements and testified and related facts admitting liability upon his part in order to allow his relative, plaintiff, to recover; and that Cowan and Walters coöperated with plaintiff and his attorney for the purpose of fixing liability on the garnishee.

Plaintiff moved for an order striking as sham and frivolous the answer to the supplemental complaint. On March 16, 1943, the court struck it as sham and ordered judgment against the garnishee. Thereupon the garnishee moved to vacate and set aside the order of March 16, 1943, and for an order granting leave to serve and file a proposed amended answer to the supplemental complaint. The allegations in the proposed amended answer are substantially the same as those in the answer stricken, and the additional allegations have no bearing on the disposition of the case.

The main action was originally brought against Cowan alone in August 1941. Issue was joined. It was noticed for trial at the October 1941 term of court at Mankato. On November 13, plaintiff dismissed and immediately served a new summons and complaint, in which he joined Walters as codefendant. The case was called for trial February 16, 1942.

As has been recited, the accident occurred July 17, 1941. On July 21, Walters was interviewed by a representative of the garnishee. He stated that at the time of the accident he was employed by the partnership and related facts relative to the accident. On or about October 7, 1941, Walters was again interviewed. The garnishee claims that he materially changed his version of the facts relative to his employment and of the accident from that given on July 21. On December 15, 1941, the garnishee, by letter, returned to Walters the summons and complaint which had been served on him, saying:

"* * * By submitting the complaint to us, evidently you are requesting that you be considered an additional insured under the policy of liability insurance that we have on the Boyd L. Cowan Company, but under the circumstances at this time, we feel unable to grant such a request from you * * *."

Walters thereupon employed personal counsel. Freeman & King, attorneys for the garnishee, continued to represent Cowan. They appeared for him throughout the trial and for more than six months after the judgment was entered. About a month after the verdict, a representative of the garnishee offered plaintiff $3,000 in settlement of the matter. In October 1942, when garnishment proceedings were instituted, the time to appeal from the judgment entered against Cowan on April 7, 1942, had expired. After garnishee summons had been issued, and on October 21, 1942, Mr. King wrote Cowan:

"We return herewith the garnishee summons and notice and the notice of motion for the filing of a supplemental complaint * * * for the reason that you have failed to comply with the co-operation clause in your contract of insurance with the [garnishee]. It is the further mission of this letter to advise you that because of the fact that you have breached that contract of insurance the Iowa Mutual Liability Insurance Company will not represent you in any further proceedings or pay any judgment that was rendered against you in this matter."

■ There is no allegation in the original answer to the supplemental complaint or in the proposed amended answer setting out that the garnishee notified Cowan that it was defending with reservations.

Walters was notified that the garnishee would not represent him, presumably because of its knowledge of the position taken by Walters. The affidavits clearly indicate that long before the main action came up for trial the garnishee was equally well aware of Cowan's claimed acts, his failure to act, his attitude, and the statements he made. With that knowledge, it continued to represent

Cowan up to the time of the institution of garnishment proceedings. It did so without any reservation of rights. In such a situation, the amended answer and the proposed answer present no real issue for trial. The only defense which the garnishee could have interposed in its answer to the supplemental complaint would be allegations setting out a prior notice to Cowan that he had breached the contract of insurance, that it did not waive the breach, and that it would not pay the judgment. Under the facts in the case, the garnishee has waived its right to claim nonliability under the terms of the contract and is estopped from asserting lack of coöperation. This is not a case like Bassi v. Bassi, 165 Minn. 100, 205 N. W. 947, where the insurer first discovered variance at the trial. Here the insurer had knowledge weeks before the main action was tried of all the facts on which it now bases its claimed lack of coöperation.

The rule is stated in Peterson v. Maloney, 181 Minn. 437, 232 N. W. 790, an action arising out of an automobile accident, where the insurer claimed that at the time of the accident Maloney, the driver of the car, was not covered by the terms of the insurance policy. The court there said (181 Minn. 442, 232 N. W. 792):

"* * * The evidence justifies the findings of the court that it [the insurer] took over and conducted the defense [for the insured and Maloney] with knowledge of the facts and of the extent of the permission given to Maloney to use the car, and that it at no time disclaimed liability until after the trial and return of the verdict."

As a result of which, said the court (181 Minn. 437, 443, 232 N. W. 790, 792):

"By assuming and conducting the defense of the main action both for the owner of the car and the driver, with knowledge of all the facts and without any notice that it would not be liable for any judgment against the driver, the insurer was estopped thereafter to deny liability"; that is, "if the company [the insurer] voluntarily assumed the defense, knowing that it was not obligated to do so, an element of estoppel or waiver was shown."

To the same effect are the following earlier Minnesota cases: Tozer v. Ocean A. & G. Corp. Ltd. 94 Minn. 478, 103 N. W. 509; Patterson v. Adan, 119 Minn. 308, 138 N. W. 281; Mann v. Employers L. Assur. Corp. 123 Minn. 305, 143 N. W. 794; and Oehme v. Johnson, 181 Minn. 138, 231 N. W. 817, 81 A. L. R. 1308.

Here, the trial court struck as sham the original answer to the supplemental complaint, and we think properly so. It raised no issue to be tried. In Knudson v. Pederson, 166 Minn. 360, 363, 208 N. W. 8, 9, this court stated:

"* * * The uncontroverted statements in the affidavit, which, for the purposes of the motion, must be taken to be true, when shown at a trial, if one were had, would require the court to direct a verdict in plaintiff's favor, hence plaintiff has made a fair showing that the issue tendered in the answer is not one which defendant has a right to have tried or submitted to a jury."

And further (166 Minn. 361, 208 N. W. 8):

"* * * When a party to an action moves that a pleading be stricken as sham, it is for the court to determine whether the pleading raises an issue to try, not to try the issue." (Citing cases.)

In the instant case the pleading raised no issue to be tried, was therefore sham, and properly stricken.

There is a feature of the case which probably requires some comment. In an affidavit made and filed in support of the complaint, William Stradtmann, now one of the attorneys for the garnishee, states that after it found out that Walters had changed his story—

"the garnishee notified said defendant Boyd L. Cowan Company that it would not further represent said Gordon Walters and that it would continue to act for and represent said Boyd L. Cowan Company only with the distinct understanding that in going ahead with the defense and by continuing to represent the defendant the garnishee in no way would waive any of its rights under the policy and under the law. This garnishee informed the defendants that it intended to take full advantage of any breach of the policies made in the past or that may occur in the future."

No affidavit containing such statement was presented to the court in opposition to the motion to strike the original answer. There are no allegations in either the original answer or the proposed amended answer to the supplemental complaint setting out such matters as a defense. They are not even mentioned. In the Statement of Facts and Analysis of Pleadings in its brief, the garnishee makes a reference to such notice to Cowan, but no mention is made of it in its statement of Questions Presented, and no point is made of it in the argument. Mr. Stradtmann did not come into the case until garnishment proceedings were instituted, and he probably had in mind the letter written to Cowan on October 21, 1942, by the attorneys for the garnishee. Furthermore, the statement in the affidavit is unsatisfactory. It fails to set out when and how the notice was given. In Investors Security Co. v. Bohanon, 168 Minn. 471, 473, 210 N. W. 590, where an answer was stricken as sham, the court said:

"Defendant's affidavit is unsatisfactory in that it fails to show what officer or agent of plaintiff made the representations claimed, and fails to show anything as to when or where they were made, or the circumstances under which they were made, or the language used in making them. He contents himself with the bare statement that plaintiff, a corporation, represented that the property had been explored and that it contained 60,000 yards of sand."

See State ex rel. Sime v. Pennebaker, 215 Minn. 75, 77, 9 N. W. (2d) 257, 259.

The order appealed from is a discretionary one. In United States R. & P. Co. Inc. v. Melin, 160 Minn. 530, 531, 200 N. W. 807, 808, in a similar situation, this court said:

"The motion asking that the prior order striking out the answer be vacated and allowing defendant to file an amended answer was addressed to the discretion of the trial court and, in absence of a clear abuse of discretion, its decision in such case will not be disturbed by this court."

In the instant case there is nothing in the record supporting a

claim of abuse of discretion. In fact, we think that the order made was the only one that could properly have been made under the facts.

Order affirmed.

MR. JUSTICE STREISSGUTH took no part in the consideration or decision of this case.

