BETTINGER et al.

v.

NORTHWESTERN NAT. CAS. CO. et al.

No. 14960.

United States Court of Appeals, Eighth Circuit.

May 27, 1954.

Rehearing Denied July 1, 1954.

John J. McBrien, Farmington, Minn., for Marie Bettinger and Lawrence E. Bettinger.

Philip Stringer, St. Paul, Minn. (Robert O. Sullivan, Arthur J. Donnelly, and R. Paul Sharood, St. Paul, Minn., on the brief), for Clara Egge and Lillian Hanson.

James E. Finley, St. Paul, Minn., for appellees.

Before SANBORN, WOODROUGH, and THOMAS, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from a judgment for the plaintiffs, Northwestern National Casualty Company and Northwestern National Insurance Company, in an action for a declaration of nonliability under their automobile liability policy No. 10925 issued to Marie Bettinger, of Dakota County, Minnesota, on August 14, 1951, for the term of one year. Jurisdiction is based on 28 U.S.C.A. § 2201, there being the requisite diversity of citizenship and amount in controversy.

The policy insured Marie Bettinger against "Loss of or damage to the Automobile [described in the policy], except by Collision or Upset but including Fire, Theft and Windstorm," and liability for bodily injury and property damage "caused by accident and arising out of the ownership, maintenance or use of the automobile." Bodily injury liability limits were "$25,000 each person" and "$50,000 each accident." Property damage liability was limited to $5,000. The policy covered "any person while using the automobile * * * provided the actual use of the automobile is by the named insured or with his permission." The policy provided that the Insurance Companies should defend any suit, "even if such suit is groundless, false or fraudulent," against the insured for injury or damage caused by the automobile while being used by the assured or with her permission.

The automobile described in the policy was a used Studebaker purchased from an automobile dealer in Hastings, Minnesota, on August 11, 1951. Lawrence Bettinger, the seventeen year old son of Marie Bettinger, conducted the negotiations for its purchase. The automobile was purchased under a conditional sales contract signed by Marie Bettinger.

The dealer in Hastings from whom the automobile was purchased ordered insurance for it. He was not an agent of the Insurance Companies. The insurance was written by the Sontag Insurance Agency in Hastings upon information furnished by the dealer. The registered title to the automobile was transferred by the dealer to Marie Bettinger, and a "registration card," showing her to be the owner, was issued to her by the Secretary of State of the State of Minnesota. On August 22, 1951, she transferred the title to the automobile to Lawrence Bettinger, using for that purpose the "bill of sale" form on the reverse side of her "registration card." In executing the form she signed a statement that she sold the automobile to Lawrence, and he executed an application for transfer stating that he had purchased the automobile from her. The "bill of sale" and "application for transfer" both recite that the statements were subscribed and sworn to before a Notary Public. A "registration card" was thereafter issued to Lawrence Bettinger as owner of the automobile.

At the time the automobile was purchased and until Lawrence went to work for the Faribault Canning Company in September, 1951, he was working for and living with a farmer named Delska, whose farm was less than a mile from the Bettinger home. While he was working for Delska, he had the automobile with him at the Delska farm. He was there a little over two weeks, when he and Delska went to work on farms for the Faribault Canning Company. No one but Lawrence ever drove the automobile.

On October 22, 1951, Marie Bettinger received a notice from the Agent of the Insurance Companies that the policy in suit would be cancelled five days from that date, or October 27, 1951.

On October 26, 1951, the automobile, while being driven by Lawrence in connection with his work, collided with another automobile in which Lillian Hanson and Clara Egge were passengers. They were both injured.

In May of 1952 each of them brought an action against Marie Bettinger and

her son Lawrence to recover damages for bodily injuries, based upon the claim that Marie Bettinger was the owner of the automobile, that it was being operated by Lawrence with her consent, and that his negligence in the operation of the automobile caused the collision and the resulting injuries. Section 170.54, Minnesota Statutes Annotated provides that "Whenever any motor vehicle * * shall be operated upon any public street or highway of this state, by any person other than the owner, with the consent of the owner, express or implied, the operator thereof shall in case of accident, be deemed the agent of the owner of such motor vehicle in the operation thereof."

On May 26, 1952, the Insurance Companies received from Marie Bettinger the summons and complaint in each of the personal injury actions, together with a demand that the Companies assume the defense.

On May 29, 1952, counsel for the Insurance Companies returned the complaint and the summons in each of the cases with a letter stating that the Companies refused to defend her in the actions "for the following reasons":

"1. That at the time of the issuance, August 14, 1951, of Policy No. 10925, you were not the owner of the automobile therein referred to and insured.

"2. That in the 'Declarations,' Item No. 7, you represented that you were the sole owner of the insured automobile. This was a misrepresentation.

"3. That on or about August 22, 1951, the registered title to said automobile was transferred to Lawrence Bettinger. That there was no assignment of said policy and that subsequent to that date, and in particular, on October 26, 1951, you had no insurable interests in the automobile insured by said policy and therefore, said policy was not in effect on October 26, 1951."

The Bettingers retained counsel, who filed answers in the personal injury actions, denying liability.

On July 8, 1952, the depositions of Marie Bettinger and Lawrence Bettinger were taken by counsel for Clara Egge and Lillian Hanson, plaintiffs in the personal injury actions brought by them. The substance of Marie Bettinger's testimony was that she had purchased the automobile with money furnished her by one of her sons who was in the Army; that she never drove it herself, but owned it at all times; and that on August 22, 1951, she transferred the title to Lawrence to avoid the danger of having the automobile taken by her husband's many creditors.

In his deposition Lawrence testified, with respect to the ownership of the automobile, that on October 26, 1951, he was living at home with his mother; that he drove the automobile for her when she wanted to go somewhere; that he was driving it to work on the day of the accident, with his mother's consent.

The depositions of the Bettingers were filed in the District Court on July 21, 1952.

On August 6, 1952, the Insurance Companies brought the instant action against Marie Bettinger and Lawrence E. Bettinger to secure an adjudication of nonliability, claiming (1) that at the time the policy was issued Marie Bettinger was not the sole owner of the automobile as she represented, that she actually had no insurable interest in it, and that Lawrence was the owner, (2) that on August 22, 1951, Marie Bettinger executed a bill of sale transferring the registered title to the automobile to Lawrence, and that upon his application the Secretary of State of the State of Minnesota transferred the title to him, and (3) that on October 26, 1951, she had no insurable interest in the automobile, and that the policy was not in force and effect.

The Bettingers, in their answer to the complaint of the Insurance Companies, asserted that Marie Bettinger was at all

times the owner of the automobile and that on or about August 21, 1951, for personal reasons and without intending to transfer any right, title or interest in the automobile, she transferred the registration of it to Lawrence. The Bettingers further alleged that, with full knowledge of all pertinent facts, the Insurance Companies estopped themselves from denying that the policy was in force on October 26, 1951, by mailing to Marie Bettinger notice of cancellation effective October 27, 1951. The Bettingers asked that the policy be declared to have been in force on the day of the accident.

The interveners, Clara Egge and Lillian Hanson, also filed an answer to the complaint of the Insurance Companies, asserting that they were liable under the policy, and asking that the policy be adjudged to be in full force on October 26, 1951.

On September 22, 1952, the Insurance Companies moved the District Court to advance the instant case for trial so that it might be tried and determined before the personal injury actions against the Bettingers were tried. After a hearing, the motion was denied. This case and the two personal injury cases were on the trial calendar of the District Court for the term commencing November 4, 1952.

The personal injury cases against the Bettingers were first reached for trial, and were tried together before Judge Bell and a jury. On the trial of those cases Marie Bettinger testified that she was at the time of the accident the owner of the automobile and that it was being driven by Lawrence with her consent. The evidence as to ownership of the automobile and as to the actionable negligence of Lawrence in its operation being undisputed, the District Court directed the jury to return a verdict for each of the plaintiffs, against both defendants, for such an amount as would compensate her for her injuries and for the medical and hospital expenses incurred by her as a result of the accident. The jury awarded Clara Egge

$22,500 and Lillian Hanson $5,000. Judgments were entered accordingly.

The instant action of the Insurance Companies for a declaratory judgment came on for trial on January 19, 1953, before Judge Donovan without a jury. The issues made by the pleadings were whether Marie Bettinger owned the automobile at the time the policy in suit was issued, whether she parted with whatever interest she might have had when she transferred title to Lawrence on August 22, 1951, and whether the Insurance Companies were estopped by the notice of cancellation from asserting that she had no insurable interest at the time of the accident. She and Lawrence testified, as they had previously testified in the personal injury actions, that she had been at all times since the automobile was purchased the owner of it, that Lawrence never owned it, and that the transfer of the registered title to Lawrence on August 22, 1951, was to prevent creditors of Marie Bettinger's husband from taking the automobile. Opposed to this testimony was the transfer of title of August 22, 1951, with the declarations of Marie and Lawrence upon the bill of sale and the application for transfer that she had sold and Lawrence had purchased the automobile, the fact that Lawrence alone drove the automobile, that it was usually in his possession, and that on several occasions he had referred to the automobile as his.

The District Court determined that Marie Bettinger owned the automobile at the time the policy was written, but that on August 22, 1951, she transferred the automobile to Lawrence and thereafter had no right or title to or interest in it and that for that reason the policy in suit was not in force on October 26, 1951. Upon the review of a non-jury case, this Court must regard the evidence in the light most favorable to the prevailing party. Skelly Oil Co. v. Holloway, 8 Cir., 171 F.2d 670, 674.

There was no evidence that when the Insurance Companies gave notice of cancellation of the policy in suit they had any knowledge that the assured had

transferred title to the automobile to Lawrence on August 22, 1951.

Although the issue of res judicata was not raised by the pleadings, the Bettingers and the interveners contended at the trial that the doctrine was applicable and that the Insurance Companies were estopped by the judgments in the personal injury actions from asserting in the instant action that Marie Bettinger was not the owner of the automobile at the time of the accident, since the judgments in those cases constituted a determination that she was the owner. The District Court ruled that the doctrine of res judicata did not apply, and held, in effect, that the Insurance Companies were neither parties to those actions nor in privity with the Bettingers and could not have had the issue of policy liability adjudicated in those actions. A judgment of nonliability was entered for the Insurance Companies. The opinion of the District Court is reported in 111 F.Supp. 511.

The contentions made by the Bettingers and the interveners on this appeal are, in substance, (1) that the evidence conclusively showed that Marie Bettinger was the owner of the automobile on October 26, 1951, (2) that the District Court erred in refusing to apply the rule of res judicata, and (3) that the rule of "insurable interest" has no application to policies of liability insurance under Minnesota law.

 It is true, as the appellants assert, that the registration of a motor vehicle to a named individual as owner is not conclusive, but only prima facie, evidence of his ownership, and that evidence is admissible to show that the registered owner is not the actual owner. The question of the actual ownership of an automobile, if doubtful, is for the trier of the facts. Holmes v. Lilygren Motor Co., Inc., 201 Minn. 44, 49, 275 N.W. 416, 419; Bolton-Swanby Co. v. Owens, 201 Minn. 162, 166, 275 N. W. 855, 858; Flaugh v. Egan Chevrolet, Inc., 202 Minn. 615, 279 N.W. 582; State v. One Oldsmobile Two-Door Sedan, 227 Minn. 280, 285–286, 35 N. W.2d 525, 529. It seems obvious that the question of the ownership of the automobile in suit, unless foreclosed by the judgments in the personal injury actions, was a question of fact for the District Court. The appellants assert in their brief that where the question is what inferences should be drawn from admitted facts, the findings of the trial court are, on appeal, given practically no weight and that this Court is free to consider the matter de novo.

In Noland v. Buffalo Insurance Co., 8 Cir., 181 F.2d 735, 738, we said:

"The District Court was the trier of the facts, and the judge of the credibility of the witnesses and of the weight of the evidence. The court was not compelled to believe evidence which to it seemed unreasonable or improbable, or to accept as true the uncorroborated evidence (even though uncontradicted) of the insured and his wife, who were interested witnesses. Rasmussen v. Gresly, 8 Cir., 77 F.2d 252, 254; Yutterman v. Sternberg, 8 Cir., 86 F.2d 321, 324, 111 A.L.R. 736; Elzig v. Gudwangen, 8 Cir., 91 F.2d 434, 440–444; Hoyt v. Clancey, 8 Cir., 180 F.2d 152, 155.

"This Court will not retry issues of fact or substitute its judgment with respect to such issues for that of the trial court. Cleo Syrup Corporation v. Cola-Cola Co., 8 Cir., 139 F.2d 416, 417–418, 150 A.L.R. 1056, and cases cited; Pendergrass v. New York Life Insurance Co., 8 Cir., 181 F.2d 136. Under Rule 52(a) of the Rules of Civil Procedure for the United States District Courts, 28 U.S.C.A., 'Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses.' A reversal of this case would be virtually equivalent to instructing the trial court to accept as true and reliable,

evidence which it evidently did not regard as either credible or convincing."

The power of a trial court to decide doubtful issues of fact is not limited to deciding them correctly. Cleo Syrup Corporation v. Coca-Cola Co., 8 Cir., 139 F.2d 416, 417, 150 A.L.R. 1056; Lamar v. United States, 240 U.S. 60, 64–65, 36 S.Ct. 255, 60 L.Ed. 526; Pope v. United States, 323 U.S. 1, 14, 65 S.Ct. 16, 89 L.Ed. 3. Cf. State Farm Mutual Auto Insurance Co. v. Skluzacek, 208 Minn. 443, 449, 294 N.W. 413, 416. This Court has consistently ruled that a finding of fact is not clearly erroneous unless it is without adequate evidentiary support or results from a misconception or misapplication of the law. Hudspeth v. Esso Standard Oil Co., 8 Cir., 170 F.2d 418, 420.

We think the District Court reached a permissible conclusion in ruling that the judgments in the personal injury actions against Marie Bettinger, based upon a determination by the court in those cases that she was the owner of the automobile at the time of the accident, did not estop the Insurance Companies from asserting that their policy had lapsed prior to the day of the accident because of her lack of an insurable interest. It is, of course, true that if the Insurance Companies were, on October 26, 1951, the insurers or indemnitors of Marie Bettinger, her demand that they assume the defense of the personal injury actions would preclude them from contesting their liability for the judgments obtained by the plaintiffs in those actions. It is equally true that if in the instant case the District Court had found against the Insurance Companies on the issue of ownership of the automobile, their obligation to pay the personal injury judgments would have been established.

It has been the rule in Minnesota that where a liability insurer disclaims liability and refuses to defend its assured, a judgment against the assured does not preclude the insurer from having its day in court on the issue of its liability to the assured under his policy, and that it is only when the insurer, with full knowledge of the facts, unqualifiedly assumes and conducts the defense of an action against its assured that it is estopped by a judgment against him. See Tozer v. Ocean Accident & Guarantee Corporation, Limited, 94 Minn. 478, 484–485, 103 N.W. 509; Patterson v. Adan, 119 Minn. 308, 138 N.W. 281, 48 L.R.A.,N.S., 184; Mann v. Employers Liability Assurance Corporation, 123 Minn. 305, 143 N.W. 794; Eckert v. Joice, 152 Minn. 440, 189 N W. 125; Humphrey v. Polski, 161 Minn. 61, 200 N.W. 812; Oehme v. Johnson, 181 Minn. 138, 231 N.W. 817, 81 A.L.R. 1308; Peterson v. Maloney, 181 Minn. 437, 232 N.W. 790; Logue v. Duchene, 185 Minn. 337, 241 N.W. 51; Downing v. Sterling Motor Co., 197 Minn. 429, 267 N.W. 250; Simons v. Cowan, 217 Minn. 317, 321–323, 14 N.W.2d 356; Security Insurance Co. v. Jay, D.C. Minn., 109 F.Supp. 87, 90–91.

It has been long established practice in Minnesota for the plaintiff in a personal injury action who has obtained a judgment for the payment of which it is claimed an insurer of the defendant is liable, to garnish the insurer and try the question of its policy liability in the garnishment proceedings. That is shown by the cases which we have cited and is stated in Oehme v. Johnson, supra, page 139 of 181 Minn., page 817 of 231 N.W. It is apparent that under Minnesota practice an insurer who disclaims liability is not required to assume the defense of its assured or to participate in the trial of the personal injury action in order to preserve its right to litigate the question of its policy liability. We think that in this case the Insurance Companies could not have tried the issue of their claimed nonliability in the personal injury actions brought against the Bettingers by the interveners. The Insurance Companies' interests were adverse to those of the Bettingers on the issue of ownership of the automobile.

We agree with the District Court that under Minnesota law the doctrine of res judicata was not available to estop the Insurance Companies from having their claim of nonliability adjudicated in the instant action.

The contention that the rule of "insurable interest" has no application to liability insurance is at best a doubtful question of Minnesota insurance law as to which this Court will accept the views of the trial court. See Fireman's Fund Insurance Co. v. Vermes Credit Jewelry Co., 8 Cir., 185 F.2d 142, 145–146; Buder v. Becker, 8 Cir., 185 F.2d 311, 315.

The coverage of the policy in suit aside from liability coverage certainly required an insurable interest. In the case of Logue v. Duchene, supra, 185 Minn. 337, 241 N.W. 51, Duchene, the actual owner of an automobile, had transferred the title upon the registration card to a Mary Hanson, as security for a loan, and mistakenly had had her designated as the insured in a policy of liability insurance on the automobile. A judgment for personal injuries arising from the operation of the automobile by Duchene was obtained against him by Logue, who garnished the liability insurer, which disclaimed liability in view of the fact that Duchene was not the named insured. In holding that the policy was subject to reformation, the Supreme Court of Minnesota said, page 340 of 185 Minn., page 52 of 241 N.W.:

"* * * But this transfer [to Mary Hanson] was in fact a mortgage. He [Duchene] retained full possession and control of the car. She had no right to its use or any dominion or control over it. Under such a situation she had no insurable interest under this liability policy against loss for injuries inflicted on others in the operation of the car. Had this been a policy covering damage to the car or loss from fire or theft, she would have had an insurable interest as mortgagee. But such is not the loss insured against by this policy. The court could well find that appellant's [the insurer's] agent had accurate knowledge of the true situation when the last application was given him and the first policy returned. The parties could not have intended a vain thing. Appellant for the premium received intended to give liability protection to the owner of the car described in the policy, and, no doubt, defendant [Duchene] intended the same thing. That they erroneously thought it necessary to denominate the mortagee the owner or the insured in the policy should not be fatal. The mistake, perhaps, was one of mixed law and fact. But that does not prevent reformation."

In the instant case it is apparent that the policy in suit was intended to afford liability and other protection to Marie Bettinger as the owner of the automobile at the time the policy was issued. The policy was not intended to protect her against the possibility that she might be sued as a defendant in personal injury actions growing out of the operation of the automobile by Lawrence after having transferred the actual ownership of it to him.

We think that the District Court, which had the duty and responsibility of determining the issue of ownership in this action, committed no error of law in entering the judgment appealed from.

The judgment is affirmed.

WOODROUGH, Circuit Judge (dissenting).

The federal District Court of Minnesota has entered two judgments against the appellant Mrs. Bettinger by the terms of which she is obligated to pay heavy damages to persons injured in a certain automobile collision and she is also denied the automobile insurance purporting to cover the accident which she admittedly bought and fully paid for. The court sitting with a jury first adjudged that she was the owner of the

car that was negligently driven into collision and therefore she was responsible for the resultant damages, and thereafter the same court (another judge presiding) adjudged that she was not the owner of the car and because she was not the owner she had no insurance in respect to it.

The federal court had jurisdiction by reason of diversity of citizenship and the federal declaratory judgment Act and the applicable procedure for the determination of the rights of all the litigant parties, that is, the injured persons, Mrs. Bettinger and the insurance companies, was the federal procedure. In the course of the proceedings all of those litigants appeared before the court when the insurance companies requested the court to take up the declaratory judgment case of the companies against Mrs. Bettinger ahead of the damage cases pending against her.

It was then apparent that the fundamental disputed question of fact that was put in issue in the pleadings of each of the parties litigant, and which had to be judicially determined in order to accord justice to any or all of them, was whether or not Mrs. Bettinger was the owner of the car that did the damage.

The court, on consideration, declined the insurance companies' request to take their case up first and it thereby put them on notice that a trial and judicial determination of the fact issue as to ownership of the car would be made in the damage cases.

The insurance companies chose not to produce the evidence they had on the issue of Mrs. Bettinger's ownership, but purposely stood by while the court tried out the issue, as justly and fairly as it was allowed to do, on the evidence that was adduced in the damage cases. Its solemn final determination was as stated, that Mrs. Bettinger was the owner of the car and liable for the damages.

It seems to me that the elemental principles of the law relating to indemnities then forbade the insurance companies to go back before the same court and assert against Mrs. Bettinger that she was not the owner of the car which the court adjudged that she was the owner of.

It can be seen by anybody that to permit the companies to so disregard the court's judgment invites the very anomaly of self contradicting decision that confronts us here. The federal courts and other courts are called on every day to decide justly between auto owners, injured persons, and insurance companies in respect to the rights and obligations accruing to them from collisions. A federal procedure in which it may be decided between them as to the controlling fact in controversy on one day that it is so, and on the next day that it is not so, is not compatible with sound dispensing of justice.

In this litigation Mrs. Bettinger's liability and the validity of her insurance policy both depended on whether she owned the car at the time of the accident. The affirmance here of the District Court's conclusions that she did own the car and that she did not own it is decided on first impression, nothing analogous being cited. The statutes imposing liability on automobile owners merely because of ownership are numerous as are the accidents, and the precedent of the affirmance by this court is of far-reaching importance.

I would reverse the judgment here appealed from and direct a judgment in accord with the finding made by the jury under the direction of the court that Mrs. Bettinger was the owner of the car involved in the accident.