**FARIBAULT CANNING COMPANY, and Employers Mutual Liability Insurance Company, Plaintiffs-Appellees,**

v.

**NORTHWESTERN NATIONAL CASUALTY COMPANY, Defendant-Appellant.**

**No. 13332.**

United States Court of Appeals Seventh Circuit.

Dec. 26, 1961.

Rehearing Denied Feb. 19, 1962.

Arthur Wickham, Milwaukee, Wis., James E. Finley, St. Paul, Minn., of counsel, for appellant.

Robert F. Pfiffner, Chippewa Falls, Wis., for appellees.

Before HASTINGS, Chief Judge, DUFFY and KILEY, Circuit Judges.

KILEY, Circuit Judge.

This is a diversity suit to recover amounts "loaned" by plaintiff, Employers Mutual, to its insured, plaintiff Faribault Canning Company, to settle personal injury suits against it and for expenses in defending the suits. The trial, without a jury, resulted in a judgment for $22,374.67. Defendant appeals.

On October 26, 1951, a 1941 Studebaker automobile driven by Lawrence Bettinger, then seventeen years old, collided with an automobile owned and driven by Reuben Tweed, near Hastings, Minnesota. Tweed and his passengers, Clara Egge and Lillian Hanson, were injured, and Tweed's automobile was damaged.

At the time of the collision, Marie Bettinger, mother of Lawrence, was insured by defendant against liability arising from ownership and use of the automobile. Lillian Hanson and Clara Egge sued Lawrence Bettinger and his mother in the United States District Court of the District of Minnesota, Third Division. The Bettingers tendered defendant the defense of these suits. Defendant disclaimed liability and refused to accept the defense. Clara Egge, Lillian Hanson, and Reuben Tweed sued Faribault Canning Company, in the same court, for damages to cover their injuries, on the ground that Bettinger, while driving the automobile, was acting in the course and scope of his employment with Faribault. Faribault, claiming to be an omnibus insured under defendant's policy issued to Marie Bettinger, also tendered to defendant the defense of the actions against it. Defendant refused to accept tender and denied any obligation to Faribault under its policy with Marie Bettinger.

Before the Hanson and Egge suits against the Bettingers were tried, defendant filed a declaratory judgment suit, also in the United States District Court, Third Division, Minnesota, for declaration that it was not liable under its policy with Marie Bettinger at the time of the collision.

The Hanson and Egge suits against the Bettingers were tried before Judge Bell and a jury in the District Court, with total directed verdicts and judgments of $27,500.00. The court decided as a matter of law that Marie Bettinger was owner of the automobile. Thereafter the declaratory judgment action was tried before Judge Donovan without a jury. The result was a judgment which declared that at the time of the collision Marie Bettinger was not the owner of the automobile driven by her son at the time of the accident, and that she had no insurable interest in the automobile. Northwestern Nat. Cas. Co. v. Bettinger, 111 F.Supp. 511 (D.Minn.1953). The

judgment was affirmed by the United States Court of Appeals for the Eighth Judicial Circuit by a divided court. Bettinger v. Northwestern Nat. Cas. Co., 8 Cir., 213 F.2d 200 (1954). The suits against Faribault were settled by it, using funds "loaned" it by its insurer, Employers Mutual. It was to recover these funds and expenses of defending these suits that the instant action was brought.

■ The first question is whether the declaratory judgment in favor of defendant barred the instant action under the doctrine of res judicata.

The omnibus clause in defendant's policy is as follows:

"III. Definition of Insured

"With respect to the insurance for bodily injury liability and for property damage liability the unqualified word 'insured' includes the named insured and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission. * * *"

Defendant contends that Faribault under that clause was a creditor beneficiary privy to Marie Bettinger, and that therefore Faribault's claim fell with the declaratory judgment against her.

The District Court found that the plaintiffs, here, were strangers to the declaratory judgment action, had had no notice of it, did not participate in it, had no right of appeal, and that Judge Donovan's judgment was not res judicata.

Both parties have cited Minnesota real property or mechanics lien cases for the governing law. None of these involves a claim of an unnamed beneficiary under an omnibus clause in an automobile liability insurance policy. The general rules in them, however, indicate, we think, that under Minnesota law Faribault would not be privy to Marie Bettinger because its right had accrued before the declaratory judgment was entered. Henschke v. Christian, 288 Minn. 142, 36 N.W.2d 547 (1949); Roberts v. Friedell, 218 Minn. 88, 15 N.W.2d 496 (1944).

Since no Minnesota case cited applies, we turn to cases in other jurisdictions. Faribault's right of action accrued on the day of the collision in Minnesota. Spann v. Commercial Standard Ins. Co., 8 Cir., 82 F.2d 593, 599 (1936); Finkelberg v. Continental Casualty Co., 126 Wash. 543, 219 P. 12 (1923). Since that is so, Faribault was not a privy of Marie Bettinger. Hart v. Hargrave, La.App., 103 So.2d 910 (1958); Bailey v. U. S. Fidelity & Guaranty Co., 185 S.C. 169, 193 S.E. 638, 641 (1937); Collard v. Universal Automobile Ins. Co., 55 Idaho 560, 45 P.2d 288, 291 (1935). Finally, defendant's liability to Faribault could not be affected by the declaratory judgment. Collard v. Universal Automobile Ins. Co., 55 Idaho 560, 45 P.2d 288, 291 (1935).

We hold that the trial court did not err in holding that the declaratory judgment in favor of defendant was not a bar to the instant action under the doctrine of res judicata.

■ The next question is whether the trial court properly found that defendant's policy at the time of the collision extended its coverage to Mrs. Bettinger and Faribault.

The parties stipulated that the testimony in the previous trials, with depositions and correspondence, should be the evidence in the instant case "provided such testimony and exhibits are properly admissible." In the depositions read into evidence, there were conclusions of witnesses not properly admissible. We presume, however, that the trial court considered only the admissible testimony.

The District Court found: Marie Bettinger bought the Studebaker, with funds furnished by her son LeRoy, from the Hastings Motor Company, through its salesman Aase. At the time she informed Aase that she did not drive and intended to have her son Lawrence drive the automobile for her. The conditional

sales contract, executed at her home, was sold to a bank. She remained liable on the contract.

The court further found: The motor company transferred to Marie Bettinger its Minnesota registration card and Aase sent it to the Minnesota Secretary of State's Office for registration in her name. He also arranged for the insurance with defendant in accordance with custom. Marie Bettinger, owner, transferred the certificate of title to her son Lawrence, and Aase mailed it to the Secretary of State. She was in no position to make a gift of the automobile, and, "apparently in financial distress," put the car beyond the easy reach of creditors with no intention of parting with ownership. The Studebaker was essential on the farm, "all concerned" knew Marie Bettinger could not and would not drive the car, and that Lawrence would be the "chauffeur for the family." The policy was in force the date of the collision.

Marie Bettinger's transfer of the certificate of title to her son Lawrence was merely presumptive evidence, of ownership by him, or of a gift to him, under Minnesota law. Bettinger v. Northwestern Nat. Cas. Co., 8 Cir., 213 F.2d 200, 204 (1954). This rule presupposes that evidence extraneous to the certificate is admissible to overcome the presumptions. The information given by Mrs. Bettinger at the time she purchased the car and arranged for insurance is imputed to defendant through Aase as its agent. Universal Underwriters Ins. Co. v. Kowalczyk, 8 Cir., 216 F.2d 120, 124 (1954). Defendant is in no position on this record to claim that it was deceived or imposed upon or that the transfer was without its knowledge or consent.

In our opinion there was sufficient evidence, properly admissible, to justify the trial court's finding that the presumption of ownership in, or gift to, Lawrence was overcome. The finding that Marie Bettinger was the owner at the time of collision is not clearly erroneous. As owner she was then covered by the policy. There was ample evidence to show

Faribault was legally responsible as employer of Lawrence Bettinger driving with his mother's consent. It therefore was covered by the omnibus clause.

 The final question is whether the finding that Employers Mutual's liability was for "excess" insurance is erroneous.

Its policy covering Faribault reads as follows:

"* * * provided, however, the insurance under this policy with respect to loss arising out of the use of any nonowned automobile shall be excess insurance over any other valid and collectible insurance available to the insured, either as an insured under a policy applicable with respect to such automobile or otherwise."

A "hired automobile" is defined as an "automobile used under contract in behalf of or loaned to the named insured * * *."

Defendant contends that the trial court erroneously found the Bettinger Studebaker was "nonowned" and that it should have found the automobile was "hired." It relies on Woodrich Construction Co. v. Indemnity Ins. Co., 252 Minn. 86, 89 N.W.2d 412 (1958). Under a written agreement with Woodrich, Baker, a subcontractor, agreed to furnish dump trucks. One of the trucks furnished was that owned by Zaske, who was paid for the use of his truck. A third party was injured when the truck driven by Zaske was moved, under the direction of Woodrich. The court held that the Zaske truck was "hired."

It is our opinion that the facts in that case clearly distinguish it from the instant case. There the truck was being operated under a contract by Woodrich's subcontractor and the court held that Woodrich thereby participated in the operation so as to be a user. In the instant case the Bettinger automobile was not under contract in behalf of Faribault nor loaned to it. It is true that Lawrence Bettinger used it in driving from one farm to another under the general direc-

tion of Faribault's superintendent. This fact, however, does not bring the automobile under a contract between Marie Bettinger and Faribault. We hold that the trial court did not err in holding that Employers Mutual insurance coverage was "excess insurance."

For the reasons given, the trial court's judgment is affirmed.