**UNITED SERVICES AUTOMOBILE ASSOCIATION, Plaintiff,**

v.

**Edwin HOWE, Russell S. Johnson, Joseph W. Johnson and Great Northern Insurance Company, Defendants.**

No. 4–61–Civ.–81.

United States District Court
D. Minnesota,
Fourth Division.

Sept. 18, 1962.

Clarence E. Hagglund, Mordaunt, Walstad, Cousineau & Hagglund, Minneapolis, Minn., for plaintiff.

J. W. Cragg, Cragg, Barnett & Austin, Minneapolis, Minn., for defendants Russell S. Johnson, Joseph W. Johnson and Great Northern Ins. Co.

Joseph E. Salland, Dudley & Salland, St. Paul, Minn., for defendant Edwin Howe.

DEVITT, Chief Judge.

This is a proceeding under the Declaratory Judgments Act, 28 U.S.C.A. §

2201. The requisite diversity and jurisdictional amount are present. Plaintiff United Services Automobile Association, hereinafter referred to as United, seeks a declaration of the rights and liabilities of defendant Great Northern Insurance Co., hereinafter referred to as Great Northern, in regard to a policy of automobile liability insurance issued to Russell W. Johnson on a 1955 Packard automobile.

The facts giving rise to this action are not in dispute, and are summarized as follows: In April, 1960, Joseph W. Johnson acquired a 1955 Packard automobile. This car was not added to Joseph's already existing policy of liability insurance with Great Northern. The Packard was left by Joseph with his mother and father, the Russell W. Johnsons, in Amboy, Minnesota, for their use. Russell Johnson, in July, 1960, secured an insurance policy on the Packard in the form of a rider to his already existing automobile liability policy with Great Northern. The agent for Great Northern, D. F. Boesch, was informed by Russell that the car was in fact owned by Joseph, although it was not specified whether the Packard was to be insured by means of a rider to Russell's or to Joseph's policy. The rider was added to Russell's policy. Some two or three months later, in the middle of October, 1960, Joseph returned to Amboy and took possession of the Packard and returned it to Minneapolis where he attempted to sell the same. On October 28, 1960, one Duane C. Nelson, with the permission of Joseph, was driving the Packard and was involved in an accident in which Edwin Howe allegedly sustained personal injuries. Edwin Howe presently has pending in a state district court a personal injury action in which Russell Johnson is named as one of the defendants and is alleged to have been the owner of the Packard.

Plaintiff United is admittedly the insurer of Duane C. Nelson, the driver of the Packard, but as Nelson was operating a "non-owned" automobile, United's insurance is "excess insurance over any other valid and collectible insurance."

United seeks a declaration by this Court that Russell Johnson's policy with Great Northern is valid and collectible. In the alternative, United seeks reformation of Joseph's policy with Great Northern so as to include the 1955 Packard.

Great Northern, on the other hand, contends that the policy issued to Russell Johnson had become ineffective before the date of the accident so as to relieve itself of any responsibility thereunder. It should be noted at this point that Russell Johnson also answers the complaint of United in this action by denying that he had any insurable interest in the automobile and he asserts that the policy issued to him does not afford him liability coverage. Great Northern concedes that Russell had an insurable interest in the Packard in July, 1960 when the rider was issued—even though Russell had no *legal* interest in the car. It claims, however, that such insurable interest ceased to exist sometime after the middle of October and before October 28—at a time when Joseph reclaimed the Packard and took possession of it.

The requirement of an insurable interest is said to be "based upon considerations of public policy, which condemn as wagers all agreements for insurance of any subject in which the contracting parties have no such interest." Vance, Law of Insurance, § 47, p. 119 (2d ed. 1930). Two additional reasons exist and justify the requirement of an insurable interest —measurement of the insured's loss and a safeguarding of the "moral hazard." See Patterson, Essentials of Insurance Law, § 22, pp. 87–89. It is not difficult to see that when the above-stated principles are applied to the fields of life and property insurance they are sound and valuable. There, wagering may become a problem and the moral hazard, the possibility that someone may be tempted to kill another or to destroy a building on which he has placed insurance, is certainly present in the form of a potential danger.

Defendant Great Northern insists that the above-stated principles apply with equal force to the field of automobile liability insurance. Further, since Russell

had no legal rights in the Packard, nor even possession, on October 28, he lost whatever insurable interest he may have had before that date. With these contentions, the Court cannot agree. It is very doubtful that the principles of insurable interest which exist in the fields of property and life insurance are carried over completely to the field of automobile liability insurance. Certainly the underlying philosophy of insurable interest is not present in this latter field— no wagering, no moral hazard. Here, the insured merely attempts to indemnify himself against liability which may be imposed upon him because of his ownership, maintenance or use of the insured vehicle. Some courts have recognized this distinction and have held that it is not necessary to have an insurable interest in the property. See, e. g., the language of the Circuit Court of Appeals for the Seventh Circuit in Ohio Farmers Ins. Co. v. Lantz, 246 F.2d 182, 185 (7th Cir.) cert. den. 355 U.S. 883 (1957), 78 S.Ct. 151, 2 L.Ed.2d 113:

> It is true that to support an action on a policy which insures a property right, i. e., against collision, fire, wind or theft, etc., an insurable interest in the named insured must be proved. On the other hand, where an insurance policy is one of indemnity against liability for loss and injury sustained by others and caused by the use of an automobile or other property named in the policy, an insurable interest in the named insured is not a prerequisite to a recovery against the insurer.

And although this Court is in agreement with the above-quoted language of the Seventh Circuit, it is not necessary to hold that an insurable interest is not required to support the policy in the instant case because the Court is satisfied that Russell Johnson did, in fact, have an insurable interest in the Packard as of the date of the accident.

When the Court speaks of insurable interest in the context of an automobile liability policy, it is best to remember that this is not the *same* interest so often spoken of in regard to life or property insurance. See American Jurisprudence, Insurance, § 500:

> The insurable interest in such cases is to be found in the interest that the insured has in the safety of those persons who may maintain, or the freedom from damage of property which may become the basis of, suits against him in the case of their injury or destruction.
>
> \* \* \* \* \* \*
>
> The interest does not depend upon whether the insured has a legal or equitable interest in the property, but whether he may be charged at law or in equity with the liability against which the insurance is taken.

See also 44 C.J.S. Insurance § 198, p. 896, wherein it is stated:

> *Motor vehicle liability insurance.* Since motor vehicle liability insurance ordinarily covers legal liability for injury to person or property of others resulting from ownership, maintenance, or use of a motor vehicle, an insurable interest may exist apart from ownership, or complete ownership, where the circumstances are such that insured may be legally responsible for damages resulting from its use. [Citations omitted.]

Russell Johnson's interest does not arise out of any legal or equitable claim to the car, but rather from the use made of the car. The contingency against which Russell Johnson is insured under the policy is liability to third persons arising out of the ownership, maintenance or use of the Packard. The suit in the state court has made this contingency a reality.

There is no more vital interest that a person may possess in a chattel than that of being subject to a lawsuit. Here, Russell has in fact been sued. Whether the allegation of ownership in that complaint is true or groundless makes no difference to Russell's rights under this policy. He has a right to be defended in any lawsuit arising out of the owner-

ship, use or maintenance of the car. Russell's interest is protection against a lawsuit. It should not be heard from the insurance company at this time that no insurable interest existed. Great Northern admits the interest was sufficient to originally support the policy. The lawsuit pending in the state court arises, in effect, out of the dealings of Russell with the car. Said interest did not cease upon the retaking of the Packard by Joseph.

■ Defendant Great Northern places reliance upon the cases of Logue v. Duchene, 185 Minn. 337, 241 N.W. 51 (1932), and Bettinger v. Northwestern Nat'l Casualty Co., 213 F.2d 200 (8th Cir.), cert. den., 348 U.S. 856, 75 S.Ct. 80, 99 L.Ed. 674 (1954), for the proposition that in Minnesota an insurable interest is required to support an automobile liability policy and further that said insurable interest is closely akin to a *legal* right of property subject to being cut off when insured disposes of the property. That an insurable interest is required in Minnesota, the Court accepts. As to what constitutes an insurable interest in Minnesota, however, the Court adheres to the general principles quoted earlier—it is not a legal or even an equitable right. In Logue, the Minnesota Supreme Court dealt with a situation in which the purchaser of an automobile listed himself as the sole owner on a liability insurance policy. Prior to the issuance of the policy, ownership had been transferred to another party for security. Thereafter, a second policy was issued naming the transferee as the insured and owner. The transferor, however, continued to use the car as owner and the transferee made no use or claim as owner. The Supreme Court affirmed the trial court which found that it was the intention of the parties that the coverage was for the transferor even though the transferee was the named insured. The Court, in *dictum*, said:

It is plain [that the transferor] was confused as to whether he or [the transferee] should be designated as the insured in the policy. He had transferred the title to the car to her upon the registration card. But the transfer was in fact a mortgage. He retained full possession and control of the car. She had no right to use or any dominion or control over it. *Under such a situation she had no insurable interest under the liability policy* against loss for injuries inflicted on others in the operation of the car. 185 Minn. at 340, 241 N.W. at 52, 53 (Emphasis added.)

In that case, however, the transferee was not the subject of a lawsuit as here. Nor did she make an attempt to secure a policy of insurance as Russell did here. She was a stranger to the policy and to the lawsuit. Further, in the instant case Great Northern admits that Russell Johnson originally had an insurable interest in the car.

In Bettinger, Marie signed a conditional sales contract on behalf of her minor son, Lawrence. A liability insurance policy was also issued in her name. Title to the car was subsequently transferred to Lawrence. Lawrence was then involved in an accident. Judgments were obtained against Lawrence as driver and Marie as owner for injuries sustained in the accident. The insurance company then brought a declaratory judgment action in the Federal District Court seeking a declaration that Marie had no insurable interest in the car. Such was the determination by the trial court and this was affirmed by the Eighth Circuit, one Judge dissenting. The Circuit Court paid deference to the trial court's determination that under Minnesota law Marie had no insurable interest. However, the Court of Appeals relied in great part upon Logue, which this Court has already found to be factually distinguishable. In addition, the Court of Appeals found that under the policy of that case the parties *"intended* to afford liability and other protection to Marie as *owner,"* and in the instant case the question of ownership is not in issue. Immediately preceding the discussion of the Logue decision, the Eighth Circuit said: "The coverage

of the policy in suit *aside from liability coverage* certainly required an insurable interest." 213 F.2d at 206. (Emphasis added.) Thus, this Court is of the opinion that the law of Minnesota does not require some legal interest to support an automobile liability insurance contract. The decisions which have discussed the point have either done so through dictum, or, as in Bettinger, have left the question open.

In addition to the fact that this Court does not feel that Logue and Bettinger are controlling, a very recent decision of the Minnesota Supreme Court has defined insurable interest for purposes of automobile liability insurance so as to support this Court's findings. The Supreme Court, in Quaderer v. Integrity Mutual Ins. Co., Minn., 116 N.W.2d 605 (August 10, 1962), said:

> An insurable interest exists when the named insured *may* be held liable for damages incident to the operation and use of such automobile. (Emphasis added.)

In commenting upon this decision, counsel for defendants Great Northern and the Johnsons has stated: "We have always taken the position that if there was any exposure on the part of Russell Johnson, he could insure himself against it and in fact did so during the time that he had the exposure, during the time when he had possession and the right to operate the car." The fallacy of this statement is that it equates exposure to risk with a time period of use and possession of the insured car. The very fact that Russell Johnson is now a defendant in a personal injury action arising out of the use of that car should be sufficient evidence that his "exposure" to risk extended beyond the period of possession of the car. In fact, his exposure will continue indefinitely; that is, until a time when his potential liability arising out of the "ownership, maintenance or use" of the Packard has ceased to exist.

This Court finds that an insurable interest exists in Russell Johnson. As such, the Great Northern Insurance Company must assume its obligation to defend any suits arising out of the policy. This Court has *not* determined whether Russell Johnson is in fact liable in any manner for the alleged injuries arising out of the accident of October 28. That issue is not properly before the Court.

The Court will sign appropriate findings.