■ CEE JAY REALTY CORPORATION, Respondent, v. AETNA CASUALTY AND SURETY COMPANY, Appellant.— Judgment, Supreme Court, New York County, entered on July 8, 1970, affirmed. Respondent shall recover of appellant $50 costs and disbursements of this appeal. This action for a declaratory judgment by an insured against its insurer was tried on an agreed statement of facts. The policy, issued November 30, 1961, was issued to plaintiff, insuring it for liability in connection with the premises at 1423 Redfern Avenue, Queens. On January 22, 1963, plaintiff sold the property and at the same time canceled the policy. On July 2, 1963, a fire occurred in the premises and persons injured therein brought suit against plaintiff and the then owner of the premises. The complaint in that action alleged negligence by plaintiff in the maintenance of the premises prior to the transfer, which negligence it is alleged was a contributing cause of the fire. This action seeks a declaration that under the policy defendant is obligated to defend the action on behalf of plaintiff and to indemnify plaintiff against any recovery within the policy limits. Two clauses in the policy, both appearing in the " Definition of Hazards ", bear on the question. They are: " VI. *Alienated Premises*. Such insurance as is afforded by this policy under division 1 of the Definition of Hazards applies to premises alienated by the named Insured, if the accident occurs after the named insured has relinquished possession thereof to others. * * * VII. *Policy Period, Territory*. This policy applies only to accidents which occur during the policy period within the United States of America, its territories or possessions, or Canada." It is defendant's contention that clause VII limits VI so that the coverage after alienation is restricted to the period that the policy is in effect by the continued payment of premiums; and that the purpose of the clause is to give the policyholder an insurable interest in the premises. This is advanced to explain what otherwise would be directly contrary provisions. For two reasons we cannot accept this interpretation. Defendant concedes that the medium of interpretation is what the policy would mean to the ordinary policyholder and that any ambiguity is to be resolved against the author of the policy, namely, the insurer. On this standard the specific provision in regard to alienated premises would appear to be controlling and to excuse the policyholder from the extraordinary course of paying premiums after he parted with the subject property. The second reason is that defendant's claimed explanation does not explain. On a liability policy, as distinct from a policy insuring the premises themselves, no insurable interest in the premises is required (*Berry* v. *American Cent. Ins. Co.*, 132 N. Y. 49, 56). Concur — Markewich, J. P., Kupferman and Steuer, JJ.; Tilzer and Eager, JJ., dissent in part in the following memorandum by Eager, J.: The judgment entered in this declaratory judgment action should be modified to delete any declaration having the effect of now determining that the defendant, Aetna Casualty and Surety Company, is obligated under its insurance policy to indemnify the plaintiff for and to pay the recoveries, if any be had against it, in the tort actions brought against plaintiff. All questions as to coverage, except that relating to the obligation to defend, should be reserved for determination following the final disposition of the tort actions. The action was submitted for determination upon the pleadings and on an agreed statement of facts. It is agreed that the plaintiff acquired title to a certain building and premises on November 30, 1961 and continued to own the same from said date until January 22, 1963. On November 30, 1961, the defendant Aetna issued to plaintiff an " Owners', Landlords' and Tenants' Liability Policy " covering the premises. The policy was voluntarily canceled by the plaintiff on January 22, 1963 when plaintiff conveyed the premises. About five and one-half months after the cancellation of the policy, a fire occurred at the premises

and a wall collapsed, as a result of which several persons were injured — one fatally. Actions to recover for the death and injuries were brought against the individual who owned the premises at the time of the occurrence and against the plaintiff and other prior owners. The plaintiffs in the tort actions claim responsibility on the part of the plaintiff insured by reason of noncompliance with duties existing in connection with its period of ownership of the subject premises. The allegations of the complaints in these tort actions are very general as to acts or omissions constituting negligence and as to causation. Clearly, on each of several grounds, it is premature at this time and, in any event, improper on the basis of the present record to determine the questions relative to the responsibility of Aetna with respect to recoveries, if any, in the tort actions. (See, e.g., *Everlast Sporting Goods Mfg. Co.* v. *Aetna Ins. Co.*, 23 A D 2d 641.) First, it does not satisfactorily appear from the pleadings and the agreed statement of facts that the liability of the plaintiff insured to the tort plaintiffs is premised upon a hazard covered by the insurance policy, that is, ownership, maintenance and use of the insured premises during the policy period. The agreed statement fails to set forth the facts whereby it is definitely established that the fire to the subject premises or the collapse of the wall was occasioned by an act or omission of the plaintiff insured covered by the policy. The allegations of the complaints in the tort actions are so broadly framed that it is conceivable that the plaintiff insured may be held liable for acts or omissions not covered by the policy. Furthermore, inasmuch as the plaintiffs in the tort actions were not made parties to this declaratory judgment action, it is inappropriate at this time for the court to consider on the merits the question whether Aetna will be obligated to pay the recoveries, if any, against the plaintiff insured in the tort actions. Inasmuch as a declaratory judgment is properly effective only where all persons who may be materially affected by its provisions are duly given an opportunity to be heard, it is a well-settled general rule that there should be joined as parties to the action all persons who are interested in the transactions and occurrences set forth in the complaint and who may be directly affected by a declaratory judgment with respect thereto. The court may, and ordinarily should, refuse to entertain jurisdiction to make a declaration which may have no juridical consequence as to vitally interested persons. (See *Manhattan Storage & Warehouse Co.* v. *Movers & Warehousemen's Assn.*, 289 N. Y. 82, 88.) Finally, the agreed statement of facts discloses the existence of an ambiguity in the policy provisions, when construed as a whole, and the agreed statement is inadequate for the determination of the mixed question of law and fact involved. Although it is the rule that ambiguities in an insurance policy must be construed strictly against the insurer, the need for construction warrants the receipt of parol evidence to ascertain the intention of the parties. (See *Lachs* v. *Fidelity & Cas. Co. of Greater N. Y.*, 306 N. Y. 357.) And, accordingly, there being no urgency in a determination as to the ultimate liability of Aetna, the parties interested should be given an opportunity to fully develop the facts. Of course, in an action for the declaration of the rights and obligations of the parties to a liability policy, the court must keep in mind the distinction between coverage in its broad sense and the ultimate liability of the insurer. " The circumstance that some grounds are alleged in the complaints in the negligence actions which would involve the insurance company in liability, is enough to call upon it to defend those actions (*Doyle* v. *Allstate Ins. Co.*, 1 N Y 2d 439). The defense of the negligence actions cannot await their outcome; it must be undertaken now." (*Prashker* v. *United States Guar. Co.*, 1 N Y 2d 584, 592.) The defendant Aetna chose to submit the case for disposition on the agreed statement of facts without evidence tending to explain the ambiguity and the defense of the tort actions " must be undertaken now ". Under the cir-

cumstances, and in view of the broad policy provisions for the defense of suits against the insured, the judgment rendered at this time properly declares that Aetna is obligated to represent and defend the plaintiff insured as a defendant in the pending tort actions. (See, also, *Goldberg* v. *Lumber Mut. Cas. Ins. Co. of N. Y.*, 297 N. Y. 148, 154; *Everlast Sporting Goods Mfg. Co.* v. *Aetna Ins. Co.*, *supra*; *Exchange Mut. Ins. Co.* v. *Blazey*, 19 A D 2d 682; *Downey* v. *Merchants Mut. Ins. Co.*, 30 A D 2d 171, affd. 23 N Y 2d 989.) On the basis of the pleadings and agreed statement of facts, I would modify the judgment to limit it to a determination declaring that the defendant, Aetna, is obligated by its " Owners', Landlords' and Tenants' Liability Policy " No. 71GS12891CC, to represent and defend the plaintiff in the particular tort actions brought against plaintiff and others, and I would sever the remaining issues in this declaratory judgment action and remand the same for determination following the rendering and finalizing of judgments in or other final disposition of the tort actions.