Eddie JACKSON, Jr., Petitioner,

v.

**GRANITE STATE INSURANCE COMPANY, Respondent.**

No. C–3202.

Supreme Court of Texas.

Jan. 30, 1985.

Rehearing Denied March 6, 1985.

Jeff B. Badders, Nacogdoches, for petitioner.

Tommy Allison, Longview, for respondent.

ROBERTSON, Justice.

This is a workers' compensation case. Eddie Jackson was the plaintiff; the sole issue was the extent of disability.

The trial of this cause was conducted prior to adoption of the new Rules of Evidence. At trial, and over proper objection, evidence was admitted that Jackson's sole medical witness had been convicted of a felony, dispensing non-narcotic drugs "not in the usual course of professional practice." 21 U.S.C. §§ 841(a)(1), 845(a). The record demonstrates that the fact of this conviction was used effectively to impeach the witness. The jury returned the equivalent of a take-nothing verdict, and Jackson appealed.

 The court of appeals, in an unpublished opinion, held that under the law in effect at the time of trial, the felony conviction was inadmissible, since the crime did not involve "moral turpitude." We agree. *See generally Landry v. Travelers Ins. Co.*, 458 S.W.2d 649 (Tex.1970). The court, however, held that the error was harmless, since retrial would be governed by the new rules, and under Tex.R.Evid. 609(a) evidence of felony convictions is generally admissible. Reasoning that the error was cured by subsequent changes in the law, the court affirmed.

Jackson filed a motion for rehearing indicating that the medical witness had successfully completed probation. Under Tex. R.Evid. 609(c), he argued, the conviction would still not be admissible. In an additional opinion on rehearing, the court of

appeals rejected Jackson's argument, reasoning that a final conviction followed by probation was not a situation contemplated by the rule, and that even if it were, the evidence of successful completion of probation could not be considered by the court when introduced on appeal.

The language of Rule 609(c) is clear and dispositive. It provides, in relevant part, that "[e]vidence of a conviction is not admissible under this rule if . . . probation has been satisfactorily completed for the crime for which the person was convicted. . . ." Tex.R.Evid. 609(c).

█ The court of appeals' secondary rationale, that evidence of successful completion of probation could not be considered, also requires little discussion. The trial record included a copy of the probation order and testimony that at the time of trial the witness was making satisfactory progress. The possibility that the witness would have completed probation before retrial was evident from a comparison of the record with a calendar. Even had this not been so, the court of appeals could not ascertain with any confidence that none of the Rule 609 exceptions would be applicable on retrial. The conclusion that the evidence would have been admitted again is therefore unsupported. The analysis simply does not rise to the standard set by this court in a similar case, that the error complained of be "an injury that cannot be repaired by another trial." *Galveston, H. & S.A. Ry. Co. v. Jackson*, 93 Tex. 262, 54 S.W. 1023, 1024 (1900).

The judgments of the courts below are therefore reversed, and the cause is remanded for a new trial.