United States Court of Appeals,

Fifth Circuit.

No. 93-3108.

UNITED FIRE & CASUALTY COMPANY, Plaintiff-Appellant Cross-Appellee,

v.

Owen William REEDER, Jr. and Independent Fire Insurance Company, Defendants-Appellees Cross-Appellants.

Dec. 10, 1993.

Appeals from the United States District Court for the Eastern District of Louisiana.

Before POLITZ, Chief Judge, REAVLEY and EMILIO M. GARZA, Circuit Judges.

POLITZ, Chief Judge:

United Fire & Casualty Company appeals an adverse summary judgment in its dispute with Independent Fire & Casualty Company over which insurer is responsible for the liability of Owen William Reeder, Jr. based on an altercation with his former wife.

*Background*

Independent Fire furnished homeowners insurance to Reeder and his wife, Janet Rita Capaci, for their Metairie, Louisiana home. The policy included liability insurance. The couple agreed to get a divorce, Capaci moved out, and the two reached a property settlement in which Capaci relinquished all right, title, and interest in the Metairie house. About four months later Capaci was injured by Reeder during a fight on the insured premises. Capaci sued Reeder in state court. Independent Fire refused to defend Reeder or to pay his claim, citing the policy exclusion for injuries to insureds. United Fire, Reeder's personal umbrella liability carrier, agreed to provide a defense but reserved its rights to deny coverage. It then brought a declaratory judgment action against Reeder and Independent Fire to determine the rights and obligations of the parties under the two insurance policies. The district court granted summary judgment ruling in favor of Independent Fire. United Fire and Reeder timely appealed.

*Analysis*

We review entry of summary judgment under the same standard employed by the district

court, affirming if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.[1] Such is the situation herein.

Independent Fire, Reeder's primary liability carrier, denied coverage on the basis of an exclusion for "bodily injury to you or an insured." The policy defined "you" as, *inter alia,* the named insured. The policy lists two named insureds: Reeder and Capaci. The policy, therefore, does not cover any liability for Capaci's injuries.

United Fire attempts to create an issue of fact with a premium notice which has Capaci's name stricken. That notice, however, was for a policy which took effect one month after the injury occurred. The policy at the time of the incident listed both Reeder and Capaci as named insureds. We agree with the district court that the affidavit submitted by Reeder does not create a jury question; Reeder did not attest that he instructed his insurance agent to delete Capaci's name from the homeowners policy before the subject fight occurred.

United Fire nonetheless contends that, as a matter of law, Capaci could not have been an insured at the time of the loss because she lost her insurable interest when she relinquished her rights to the property in her settlement with Reeder. We are not persuaded.

Property insurance policies are deemed void when the insured has no insurable interest in the property.[2] The coverage at issue herein relates to liability. In *DiGerolamo,* the Louisiana Supreme Court held that there is no statutory requirement of an insurable interest in connection with liability insurance and indicated that it would not impose such a requirement should the question squarely present itself. It so indicated again in *Cousin v. Page.*[3] United Fire emphasizes that in both cases the court declined to *hold* that an insurable interest was not necessary to support liability insurance, recognizing "the prevalence of [the] contrary rule ... in the national jurisprudence."[4] As an Erie court, however, we are bound to "determine issues of state law as [we] believe the highest court of the state

---

[1]Fed.R.Civ.P. 56(c); *Blankenship v. Kerr County, Tex.,* 878 F.2d 893 (5th Cir.1989).

[2]La.R.S. 22:614; *DiGerolamo v. Liberty Mutual Ins. Co.,* 364 So.2d 939 (La.1978).

[3]372 So.2d 1231 (La.1979).

[4]*DiGerolamo,* 364 So.2d at 942.

would decide them."[5] *DiGerolamo* and *Cousin* reflect the Louisiana Supreme Court's reluctance to require an insurable interest for liability insurance.

The basis for the public policy against issuance of property insurance to one who has no interest in the property is obvious. Such an insured would have nothing to lose and everything to gain from the loss of the property. The resultant moral hazard is not to be invited or supported. There is no such perverse incentive in insuring against liability for injury to another on any location, whether one has an ownership interest or not; such insurance merely indemnifies the insured if and to the extent the insured is held liable for the injury.[6] As a result it is generally recognized that public policy does not require that such an insured have an interest in the property itself. Typically, only legal accountability for accidents or losses thereon is required.[7] It is apparent that liability insurance may issue in any instance in which the insured might be held liable.

We also can perceive a situation where exposure to liability is tenuous but a party nonetheless desires insurance both for peace of mind and for that second tangible benefit: the carrier's obligation to provide a defense.[8] We perceive no valid reason to interpose a rule of law barring purchase of liability insurance under such circumstances.

In the case at bar Capaci was exposed to the risk of liability at the time of her injury. She had moved out of the Metairie house only a few months earlier. A third party incurring injury on the premises might have blamed a condition that Capaci created before she left.[9] Capaci possessed the

---

[5]*Blankenship,* 878 F.2d at 898 (internal quotation omitted).

[6]*DiGerolamo; Omaha Property and Casualty Co. v. Crosby,* 756 F.Supp. 1380 (D.Mont.1990), *aff'd* 951 F.2d 361 (9th Cir.1991); *United Services Automobile Assn v. Howe,* 208 F.Supp. 683 (D.Minn.1962), *appeal dismissed,* 322 F.2d 476 (8th Cir.1963).

[7]*E.g., Scottsdale Ins. Co. v. Glick,* 240 Va. 283, 397 S.E.2d 105 (1990); *see* 6B Appleman, *Insurance Law and Practice,* § 4253 at 19 (1979 and 1992 Supp.); R.A. Vinluan, Annotation, *Liability Insurance: Insurable Interest,* 1 ALR3d 1193 (1965 and 1993 Supp.) (citing cases).

[8]*See American Home Assurance Co. v. Czarniecki,* 255 La. 251, 230 So.2d 253 (1969) (the insurer's obligation to defend suits against its insured is broader than its liability for damage claims).

[9]*Cf. Cee Jay Realty Corp. v. Aetna Casualty and Surety Co.,* 37 A.D.2d 535, 321 N.Y.S.2d 944 (1971), *modified* 30 N.Y.2d 754, 333 N.Y.S.2d 419, 284 N.E.2d 575 (1972) (insurer has duty to defend where its insured is sued for fire that occurred after he sold the premises; injured

requisite interest—potential legal liability.  United Fire's challenge to her status as a named insured

fails.  As a named insured the policy did not cover her injury.

As a last resort United Fire seeks relief through the severability clause in the Independent

policy which states:

> This insurance applies separately to each insured.  This condition will not increase our limit
> for any one occurrence.

United Fire construes this language to create two separate policies with Reeder the sole insured on

one policy and Capaci the sole insured on the other.  Under this construction, Capaci would not be

an insured on Reeder's policy and the exclusion for injuries to an insured would not apply.  We are

not persuaded that this is the meaning of the severability clause.

A severability clause operates to provide coverage to one insured even though another insured

might be excluded.  This clause apparently originated to offset provisions in commercial automobile

insurance policies which denied coverage of a claim by an employer for the injuries of an employee

on the grounds that worker's compensation insurance provided reimbursement.  No such rationale

exists for denying coverage to additional insureds.[10]

Severability clauses also have been applied in connection with the family[11] or household

exclusion for "bodily injury to you or an insured."  For example, in *American National Fire Ins. Co.

v. Estate of Fournelle,*[12] a father killed his children who were then living with his estranged wife, their

mother, and then committed suicide.  The childrens' estate sued the father's estate.  In an expansive

reading of the severability clause the Minnesota Supreme Court found coverage despite a household

exclusion. The policy defined "insured" to include resident relatives.  The children were not deemed

---

parties allege that his failure to maintain the premises prior to the sale was a contributing cause of
the fire).

[10]*Zenti v. Home Ins. Co.,* 262 N.W.2d 588 (Iowa 1978);  *Commercial Standard Ins. Co. v.
American General Ins. Co.,* 455 S.W.2d 714 (Tex.1970).

[11]*See* McKenzie and Johnson, Insurance Law and Practice, 15 *Louisiana Civil Law Treatise,* §
168 at 306 (1986 and 1993 Supp.) (the exclusion was added to policies to avoid intra-family
claims).

[12]472 N.W.2d 292 (Minn.1991).

insureds with respect to the father and the severability clause preserved his coverage.[13]

The case at bar presents a materially different situation.  Reeder and United Fire seek insurance coverage for a claim by Capaci that is excluded by unambiguous policy language.  The severability clause provides no succor to appellants.[14]

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[13]Similarly, in *Pizzo v. Graves,* 453 So.2d 592 (La.App.), *writ denied,* 457 So.2d 1181 (La.1984), a Louisiana intermediate appellate court held that a severability clause preserved coverage for the mother where the child lived with the father.  A claim by the father would have fallen within an exclusion for bodily injury arising from the operation of a motor vehicle by an insured because the child was an insured with respect to him.  The claim by the mother was not subject to the exclusion.

[14]*See Sciaudone v. Steuk,* 128 N.H. 261, 512 A.2d 1108 (1986) (Souter, J.).