United States Court of Appeals,

Fifth Circuit.

No. 94-20528

Summary Calendar.

Michael EASTON, Plaintiff-Appellant,

v.

Clema SANDERS, et al., Defendants-Appellees.

Oct. 20, 1995.

Appeal from the United States District Court for the Southern District of Texas.

Before KING, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:

Michael Easton ("Easton") appeals *pro se* the district court's order granting Defendants-Appellees' motion for enforcement of a consent decree requiring Easton to surrender his Texas Private Investigator's License to the Texas Board of Private Investigators and Private Security Agencies. We affirm.

I.

Easton was convicted in Texas state court in 1990 of theft. His sentence was vacated and he was resentenced in 1993 to a ten-year term of probation.[1] Easton also pleaded guilty in federal court to making a false statement to a government agency and knowingly and falsely representing his social security number to procure a loan. He was sentenced to two concurrent three-year terms of supervised probation. *United States v. Easton,* 937 F.2d

[1]*See Easton v. Rains,* 866 S.W.2d 656, 657 (Tex.Ct.App.1993).

1

160, 161 (5th Cir.1991), *cert. denied,* 502 U.S. 1045, 112 S.Ct. 906, 116 L.Ed.2d 807 (1992). We affirmed Easton's federal conviction and sentence. *Id.; United States v. Easton,* 980 F.2d 1444 (5th Cir.1992) (unpublished), *cert. denied,* --- U.S. ----, 113 S.Ct. 2388, 124 L.Ed.2d 291 (1993).

The Texas Board of Private Investigators and Private Security Agencies ("Board") ordered Easton's Texas Private Investigator's License revoked. On April 29, 1991, Easton filed a § 1983 suit in federal court against the members and executive director of the Board and the Attorney General of Texas, alleging that they had violated his federal civil rights and state law.

On December 3, 1992, the district court entered a consent decree signed by Easton and Defendants-Appellees, which included a final judgment and provided for dismissal of the case with prejudice. Under the stipulations of the consent decree, Defendants-Appellees agreed not to suspend or revoke Easton's license while his direct appeals were pending, or so long as there was no final judgment. Easton agreed to surrender his license as soon as either of his convictions became final. The parties also agreed that Texas law would control any legal questions regarding the finality of Easton's convictions.

On December 20, 1993, Defendants-Appellees filed a motion with the district court for enforcement of the consent decree, contending that Easton's federal conviction had become final and that he must surrender his license. They argued that the fact that Easton had been placed on probation did not render his convictions

non-final.  Easton argued that:  1) the district court lacked subject-matter jurisdiction because it had dismissed Easton's complaint in 1992;  2) under Texas law his successful completion of probation nullified his convictions;  and 3) the defendants were estopped from seeking enforcement of the consent decree because they renewed his license after the Supreme Court denied certiorari to review his federal conviction.  The district court granted Defendant-Appellees' motion and ordered Easton to surrender his license.

Easton filed a Rule 59(e) motion requesting that the district court vacate the enforcement order or, in the alternative, stay the order pending appeal.  When Easton failed to surrender his license, the court set a show cause hearing for July 14, 1994.  On July 19, 1994, the court signed an order denying Easton's Rule 59(e) motion and alternative motion to stay.  After Easton filed his notice of appeal with this Court, he filed a motion for stay pending appeal, which was denied.

## II.

The only question before us in this appeal is whether Easton's federal conviction is final under Texas state law.[2]  Easton contends that his federal conviction was never final under Texas law and could not support enforcement of the consent decree.  He argues that a probationer is not convicted under Texas law until the sentence of probation is revoked.  He cites cases from the

_____

[2]In his reply brief, Easton has explicitly abandoned any issues other than the finality of his federal conviction for purposes of revoking his Texas Private Investigator's License.

3

Texas Court of Criminal Appeals and the Texas Supreme Court for his evident contention that convictions that result in probation are never final convictions for any purposes.

The consent decree provided that the Defendants-Appellees would not suspend or revoke Easton's license while his appellate proceedings were pending, or until his convictions became final. The decree provided that Texas law would determine the finality of Easton's convictions. We determine issues of state law as we believe the highest state court would determine them. *United Fire and Cas. Co. v. Reeder,* 9 F.3d 15, 17 (5th Cir.1993).

Easton pleaded guilty of making a false statement, a federal felony. *See Easton,* 937 F.2d at 161; 18 U.S.C. §§ 1001, 3581(b)(4). The relevant Texas statute permits the Board to revoke the license of any private investigator who, inter alia, "has committed any act resulting in conviction of a felony[.]" TEX.CIV.STAT.ANN. art. 4413(29bb) § 11B(a)(2) (West Supp.1995).

We have uncovered no Texas case that directly addresses the question of whether a conviction that results in probation is final for the purpose of revoking a Texas Private Investigator's License. For some purposes a conviction resulting in probation is not treated as final, such as for conferring habeas corpus jurisdiction on a Texas state court, *Ex parte Renier,* 734 S.W.2d 349, 351 (Tex.Crim.App.1987); impeachment of a witness, *Jackson v. Granite State Ins. Co.,* 685 S.W.2d 16, 18 (Tex.1985); or enhancement of a sentence for a subsequent conviction. *Davis v. Estelle,* 529 F.2d 437, 440-41 (5th Cir.1976). However, Texas intermediate appellate

4

courts have declined to apply such an interpretation to a civil licensing statute or to the Texas Election Code's eligibility requirements for holding public office. *See Dallas County Bail Bond Bd. v. Stein,* 771 S.W.2d 577, 582 (Tex.Ct.App.1989) (holding that a conviction resulting in probation is final for the purpose of revoking a bail bondsman's license); *Welch v. State ex rel. Long,* 880 S.W.2d 79, 82 (Tex.Ct.App.1994, error denied) (holding that a conviction resulting in probation is final for the purpose of removing a county constable from office).

The holdings in *Stein* and *Welch* indicate that Texas courts would hold final a conviction resulting in probation for the purpose of revoking a Texas Private Investigator's License. As the court states in *Welch:*

> These cases, statutes, and interpretive opinions reveal a clear pattern; whenever a "final conviction" disqualifies one from holding an office, exercising a privilege, or obtaining a license, the term should be understood as including all judgments involving an express adjudication of guilt, even if the punishment is suspended and the convicted individual is given probation.

880 S.W.2d at 82. This interpretation is even more applicable to the instant case because the language of the relevant licensing statute omits the word "final," thereby allowing revocation for the commission of an act resulting only in a "conviction of a felony." TEX.CIV.STAT.ANN. art. 4413(29bb) § 11B(a)(2) (West Supp.1995). "The "finality' of such a conviction, in this context, has nothing to do with whether the punishment assessed is suspended or probation granted." *Welch,* 880 S.W.2d at 81. Clearly, it is the adjudication of guilt for a felony offense that triggers the

5

Board's right to revoke a private investigator's license, not the probated sentence. *See id.* Accordingly, we find that the district court did not err in ordering the enforcement of the consent decree and Easton's surrender of his Texas Private Investigator's License to the Board.

## III.

For the reasons articulated above, the order of the district court granting Defendants-Appellees' motion to enforce the consent decree and ordering Easton to surrender his Texas Private Investigator's License is AFFIRMED.