# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 4, 2011

Lyle W. Cayce
Clerk

No. 10-20117
Summary Calendar

QIAN IBRAHIM ZHAO,

Plaintiff-Appellant

v.

AN UNKNOWN AGENT OF THE CENTRAL INTELLIGENCE AGENCY; JANET NAPOLITANO, SECRETARY, DEPARTMENT OF HOMELAND SECURITY; SIX UNKNOWN NAMED AGENTS OF FEDERAL BUREAU OF NARCOTICS; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, HOUSTON FIELD OFFICE; KENNETH LANDGREBE,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-1963

Before GARWOOD, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Qian Ibrahim Zhao appeals the district court's judgment dismissing his civil rights action for failure to state a claim and because the action was time barred. Zhao explains in his brief that he no longer seeks to proceed against the Secretary of the Department of Homeland Security, whom he named as a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

defendant in his first amended complaint. Accordingly, we need not address the district court's dismissal of the claims against her. *See Easton v. Sanders*, 67 F.3d 97, 99 & n.2 (5th Cir. 1995). Liberally construed, Zhao's argument is that the district court erred by failing to permit him to file his second amended complaint raising additional claims against two new defendants—U.S. Immigration and Customs Enforcement's Houston Field Office and one of its employees. *See* FED. R. CIV. P. 15(a)(2). The district court did not explicitly decide whether Zhao should have been granted leave to amend. However, we construe the court's ruling granting the motion to dismiss as implicitly denying leave, *see Norman v. Apache Corp.*, 19 F.3d 1017, 1021-22 (5th Cir. 1994), a decision we review for abuse of discretion, *Ashe v. Corley*, 992 F.2d 540, 542-43 (5th Cir. 1993).

The district court's reasons for declining to allow Zhao leave to amend are apparent from the record. *See id.* The court explained in its order dismissing the action that the statute of limitations bars Zhao's civil rights and common law tort claims and that he failed to state a claim under the new theories he purported to raise in the second amended complaint. On appeal, Zhao argues for the first time that the "continuing violations doctrine" renders his claims timely. Zhao fails to explain, however, why he could not have brought this issue to the attention of the district court or why refraining from addressing it now would result in a miscarriage of justice; accordingly, we decline to consider this argument. *See Matter of HECI Exploration Co., Inc.*, 862 F.2d 513, 521-22 (5th Cir. 1988). Moreover, Zhao does not argue on appeal that his second amended complaint stated a claim under any of the new theories that he advanced in that pleading; thus, has abandoned those issues. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Zhao also seeks to add a claim that he is an "innocent owner" under 21 U.S.C. §§ 801, 881, but he may not raise a new claim on appeal that he did not raise in the district court unless failure to address the claim would result in

a clear miscarriage of justice. *See Black v. North Panola School* Dist., 461 F.3d 587, 593 (5th Cir. 2006). There is no showing of clear miscarriage of justice. By failing to move for recusal in the district court, Zhao has also abandoned any argument that the district judge should have recused himself . *See Andrade v. Chojnacki,* 338 F.3d 448, 454 (5th Cir. 2003). Finally, Zhao's challenge to the multidistrict litigation panel's decision refusing to transfer his case is not properly before this court. *See* 28 U.S.C. § 1407(e).

The judgment of the district court is AFFIRMED.