14-1526-cv
Funches v. Fischer

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand fourteen.

PRESENT:  RALPH K. WINTER,
                BARRINGTON D. PARKER,
                RAYMOND J. LOHIER, JR.,
                        *Circuit Judges.*

-----------------------------------------------------------------

EDWARD C. FUNCHES,

                                *Plaintiff-Appellant,*

                v.                                    No. 14-1526-cv

BRIAN FISCHER, Commissioner of the
Department of Correctional Services, DANIEL
MARTUSCELLO, Superintendent of Coxsackie
Correctional Facility, J. MEIGS, Lieutenant, Officer
at Coxsackie Correctional Facility, SLAVEN,
Employee at Coxsackie Correctional Facility, JOHN
DOE, Correctional Officer, individually and in his

official capacity, JANE DOE, Correctional Officer, individually and in her official capacity,

*Defendants-Appellees.*

------------------------------------------------------------------

FOR APPELLANT:      Edward C. Funches, *pro se*, Bronx, NY.

FOR APPELLEES:      Barbara D. Underwood, Solicitor General, Andrew D. Bing, Deputy Solicitor General, Kate H. Nepveu, Assistant Solicitor General, *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Edward Funches, proceeding pro se, brought this action contending principally that his inability to visit his brother on two occasions at the Coxsackie Correctional Facility violated Title II of the Americans with Disabilities Act (the "ADA") and the Rehabilitation Act. On appeal, Funches argues that the District Court erred in granting summary judgment to defendants, denying his cross-motion for summary judgment, and denying a motion to amend the complaint filed by Funches's brother, a non-party. He also challenges the court's denial of his request for counsel. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

As an initial matter, we lack jurisdiction to review the District Court's denial of appointment of counsel. The Federal Rules of Appellate Procedure provide that a notice of appeal must "designate the judgment, order, or part thereof being appealed." Fed. R. App. P. 3(c)(1)(B). Because this requirement is jurisdictional, "our jurisdiction is limited by the wording of the notice." See New Phone Co. v. City of York, 498 F.3d 127, 130 (2d Cir. 2007). Funches's notice of appeal references only the District Court's March 31, 2014 "Order granting defendants' motion for summary judgment, and denying the petitioner's request for summary judgment"; it does not mention the District Court's January 2013 order denying his request for counsel.

Funches lacks standing to challenge the portion of the District Court's March 31, 2014 order denying his non-party brother's motion to amend. There is a "general prohibition on a litigant's raising another person's legal rights." Lexmark Int'l, Inc. v. Static Control Components, Inc., 134 S. Ct. 1377, 1386 (2014) (quotation marks omitted). Funches acknowledges that the motion to amend was filed by his brother, not by him, and Funches challenges the denial of the motion not on his own behalf but on behalf of his brother. Under these circumstances, Funches cannot raise his brother's legal rights on appeal. See id.

As for Funches's challenges to the District Court's summary judgment determinations, we disagree with Funches's contention that defendants' failure to serve him with the District Court's "Notification of the Consequences of Failing to Respond to a Summary Judgment Motion" warrants reversal of the grant of summary judgment to defendants. Although "[t]he failure of a district court to apprise pro se litigants of the consequences of failing to respond to a motion for summary judgment is ordinarily grounds for reversal," reversal is not warranted "where an opposing party has already provided the litigant with the

3

requisite notice." Vital v. Interfaith Med. Ctr., 168 F.3d 615, 620-21 (2d Cir. 1999) (quotation marks omitted). Here, the record reflects that defendants informed Funches of the consequences of failing to (1) respond to their summary judgment motion and (2) contradict factual assertions in their affidavits. The District Court, moreover, relieved Funches of the consequences of failing to comply with the local rule governing Statements of Material Facts.

With respect to the merits, "[w]e review de novo a district court's ruling on cross-motions for summary judgment." Ackerson v. City of White Plains, 702 F.3d 15, 19 n.1 (2d Cir. 2012) (quotation marks omitted). We affirm the District Court's grant of defendants' summary judgment motion and denial of Funches's cross-motion for summary judgment on the merits for substantially the reasons set forth in the District Court's March 31, 2014 order.

We have considered Funches's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court